### *Ex parte* ALDRICH.

Upon the redemption of land sold on execution, by the assignee of a junior judgment, the assignment must be verified by the affidavit of the redeeming creditor, or by that of *a subscribing* witness to such assignment.

So held where *there were* subscribing witnesses to the assignment, and the affidavit was made by another person who was described as the agent of the redeeming creditor.

REDEMPTION of lands. Aldrich, on the 6th day of April, 1844, became the purchaser of a lot of land sold by the sheriff of Warren, on execution issued upon a judgment against Jenks Coman, and received a certificate. No redemption having been made by the defendant or those claiming title under him, within one year, S. Griffin 2d, as assignee of Sterne the plaintiff in a judgment junior to that on which the land was sold, on the 5th July, 1845, attempted to acquire the interest of Aldrich by redemption. For that purpose he presented to and left with the sheriff certain papers as evidences of his right to redeem, and made the payment required by the statute. Among the papers

so presented by Griffin was the copy of an assignment to him by Sterne of the judgment by virtue of which the redemption was sought to be made, which bore date the 4th day of July, 1845, and purported to have been attested by two subscribing witnesses, and an affidavit annexed to the copy of assignment made by one Thomas Coman, who describes himself therein as the agent of Griffin, *but who was not one of the subscribing witnesses to the assignment,* which states that the annexed is a true copy of the original assignment, and that it was executed in the presence of the subscribing witnesses thereto. As the manner of verifying the assignment is the only point considered in determining the motion, it is unnecessary to mention the objections taken to the other papers left with the sheriff.

After the fifteen months had expired Aldrich demanded a deed of the sheriff, which he refused to give, having conveyed to Griffin on the supposition that he had regularly acquired the title of Aldrich by redemption.

*N. Hill, Jr.* on behalf of Aldrich, now moves for a mandamus to compel the sheriff to convey to him.

*D. Wright,* contra.

*By the Court,* BEARDSLEY, J.   Where a party, as assignee of a judgment, is seeking to redeem lands sold under execution, he must present to and leave with the officer or purchaser, amongst other evidences of his right, a true copy of the assignment of said judgment, " verified by his affidavit, or by the affidavit of some witness to such assignment." (2 *R. S.* 373, § 60.) No affidavit is made by either of the two subscribing witnesses to this assignment, and the party himself, in his affidavit, only says that the judgment belonged to him.   This is in no sense a verification of the copy of the assignment, and is wholly insufficient.   The statute must be strictly complied with, and this is hardly an approach to it.   But the affidavit of Thomas Coman is relied upon for this purpose.   He was not a subscribing witness to the assignment, nor does he state in terms, that he was

present when it was executed. He does, however, say "said assignment was executed in the presence of the subscribing witnesses thereto," although he fails to disclose the manner in which he ascertained that fact. He may have been present when the assignment was made, and in that manner may be able to verify the fact that it was executed "in the presence of the subscribing witnesses thereto." But if this were so, he would not be allowed to prove the execution of the assignment at law or in equity, unless some sufficient reason for the non-production of the subscribing witnesses was shown; and I think he cannot be regarded as a " witness to such assignment" within the meaning of the statute. None but a *subscribing witness* can, in my opinion, satisfy these words. As this copy of the assignment was not duly verified, Griffin failed to acquire the title which Aldrich had by the original purchase. The right of Aldrich was not impaired or affected by this effort to redeem, and he is now entitled to a conveyance from the sheriff.

Motion granted.