## CUNNINGHAM *vs.* GOELET.

In an affidavit made by an agent of the landlord to procure a summons in a summary proceeding to recover the possession of land, it is not sufficient that the deponent be *described* as agent, but that fact must be directly sworn to.

The summons must be directed to the tenant, and where the direction was left in blank, the proceedings were held to be defective, though service was made upon the proper party.

An appearance by the tenant for the purpose of objecting to the affidavit and summons is not a waiver of the defects in them.

SUMMARY proceedings to recover possession of demised premises.   On the 2d of May, 1846, an affidavit was made before one of the aldermen of the city of New-York, as follows:

" City and county of New-York, ss.   Patrick Henry, agent for Peter Goelet, being duly sworn, doth depose and say, that on or about the first day of April, 1843, said Goelet rented unto Francis Cunningham the house No. 20 Morris-street in the city of New-York, for the term of three years from the first day of May then next, which said term has expired, and that he or his assigns hold over and continue in possession of the said premises without the permission of the said Goelet."

The alderman thereupon issued a summons as follows:

" To ———.  Whereas Patrick Henry, agent of P. Goelet, has made oath in writing and presented the same to me, that on or

Cunningham v. Goelet.

about the first day of April, 1843, Peter Goelet rented unto you the house &c., and that you or your assigns hold over &c., therefore in the name &c., you are hereby summoned and required forthwith to remove from the said premises, or show cause before me at my office, No. 25 Chambers-street, on the 2d day of May instant, at 4 o'clock P. M. why possession should not be delivered to the landlord. Witness my hand the 2d day of May, 1846."

On the same day Patrick Henry made affidavit before the alderman that he had served the summons on Francis Cunningham, by delivering him a true copy thereof.

At the appointed hour the landlord appeared before the alderman; and Cunningham, being called, appeared with counsel, and objected to the sufficiency of the affidavit, because it was not stated that Henry was authorized to act as agent for the landlord. He also objected to the summons, because it was not addressed to him. These objections were overruled. Cunningham refused to do any thing further in relation to the proceedings; and the alderman thereupon issued a warrant for his removal; and he was on the same day removed from the premises. He removed the proceedings into this court by certiorari.

*E. Casserly*, for Cunningham.

*T. B. Gilford*, for Goelet.

*By the Court*, Bronson, Ch. J. Although Henry in his affidavit describes himself as agent for Goelet, he does not swear that he was such agent. (*Ex parte Bank of Monroe*, 7 *Hill*, 177. *Ex parte Aldrich*, 1 *Denio*, 662.) The summons was also defective. It was not directed to any body, and Cunningham was no where named in it. (*See Hill* v. *Stocking*, 6 *Hill*, 314.) It is said that Cunningham waived all objections to the affidavit and summons by appearing. He did not appear for any other purpose than that of objecting to the sufficiency of the proceedings; and it would be strange indeed if that could be construed into a waiver of the very objections which he took.

Proceedings reversed.