## SUPREME COURT.

ORRIN RUSSELL AND HIRAM COUCHMAN, plaintiffs in error agt. JONATHAN RUSSELL, defendant in error.

To authorize a justice of the peace to issue a summons in *summary proceedings* for the dispossession of lands, the *affidavit* produced to him must show that the conventional relation of *landlord and tenant* exists, and that by an *agreement* between the parties.

Where the affidavit states that "this deponent demised, leased and to farm let, *to be worked on shares,* for the term of one year," &c., it does not show the relation of landlord and tenant existing, and is entirely insufficient to authorize a justice of the peace to issue a summons in summary proceedings. The parties are *tenants in common.*

*Albany General Term, December,* 1859.

*Before* HOGEBOOM, HARRIS *and* WRIGHT, *Justices.*

THIS is a *certiorari* from the judgment of a justice of the peace in summary proceedings. The defendant in error presented to the justice an affidavit, upon which he issued his summons. The affidavit was as follows:

ALBANY COUNTY, ss.: Jonathan Russell, of the town of Rensselaerville, in said county, being duly sworn says, that on or about the first day of April, 1857, this deponent demised, leased and to farm let, to be worked on shares for the term of one year from the day and date of said demise and leasing as aforesaid, unto Hiram Couchman and Jonathan Russell, the following described premises, that is to say, all that certain piece or parcel of land lying and being in the town of Rensselaerville aforesaid, bounded as follows: Being part of lot No. 102 in Rensselaerville, and bounded on the west by the lands formerly owned and occupied by Noah Russell, deceased, and now occupied by Louisa Russell, widow of Benjamin Russell, deceased; on the south by lands of Benjamin Palmer; on the east by the lands of William Goff, and on the north by lands in possession of this deponent, containing seventeen acres of land, be the same more or less; which said lands at the time of said demise, were owned and occupied by this deponent; and he was at the time of the aforesaid demise entitled to the possession

thereof, which said term has expired; and that the said Hiram Couchman and one Orrin Russell, held over and continued in possession of the said premises, without the permission of this deponent.

And this deponent further says, that he caused a notice in writing to be served on the said Hiram Couchman and Orrin Russell, and each of them, in due form of law, on the 25th day of August, A. D., 1858, or thereabouts, requiring them and each of them to remove from said premises within one month from the day of service thereof, which said time has expired; and that the said Hiram Couchman and Orrin Russell, continued in possession of said premises after this expiration of said time, without the permission of the deponent.

JONATHAN RUSSELL.

Sworn before me this 8th }
· day of February, 1859, }

WM. R. TANNER, *Justice of Peace.*

On the return of the summons, the attorney for the plaintiffs in error made the following objections : The defendants' counsel now moves to have the justice before whom this cause is pending, set aside the same and to dismiss the said proceedings : First, for the reasons aforesaid, and exceptions taken at the time of the return of the summons in this case : second, for the following reasons and grounds :

1. That the summons issued in this case is not properly directed; that it is not directed to the person or persons by name, except to Orrin Russell and Hiram Couchman, and is directed generally to any other person or persons having or claiming possession.

2. The summons, or oath or affidavit, does not show facts sufficient to give the justice jurisdiction, and does not show the relation of landlord and tenant by conventional relation or otherwise.

3. That the oath or summons, does not show that Orrin Russell is now, or ever was tenant or under-tenant, or assigns, or is characterized as required by statute, to authorize this proceeding against him.

4. The oath or affidavit, should describe him as a person

against whom these proceedings are authorized as tenant or under-tenant, or in some way to show the relation required by statute to authorize him to be proceeded against in this proceeding.

5. That the summons issued or served in this case, only shows that the applicant made oath and presented the same to the justice, and does not state that the same was in writing, or an affidavit, as it should on the face of the summons kept and served, show a full compliance with the statute in such cases made and provided.

6. That the summons issued does not require the defendants, or either of them, to show cause why possession should not be delivered to said applicant as required by statute, but is that they show cause why possession should not be delivered to the landlord, and is not conformable to statute.

7. That the affidavit in this case does not, in any respect, show the relation of landlord and tenant as to both or either of the defendants, as required by statute to give the justice jurisdiction.

8. That the notice alleged in the affidavit, or the summons issued and served, is not sufficient to terminate any tenancy at will or sufferance, if any existed; that if any service of notice was necessary to serve to terminate tenancy, it should terminate with the year for which the tenancy was to expire.

9. That there is not facts in the oath upon which these proceedings were commenced to give the justice jurisdiction, and, therefore, the justice has not jurisdiction in this case as conferred by statute; and for the above reasons, among others, the defendants' counsel moves to quash the proceedings, or set the same aside, as being wholly unauthorized, and in every respect irregular and void as to one and both defendants.

10. The defendants also move to have Orrin Russell, one of the defendants discharged separately, as well as both defendants.

11. Also, that the summons is not legally served or returned in this case on Orrin Russell, one of defendants,

and is not duly proved as required by statute on such return as to the service of said summons.

Which objections were overruled by the justice, and the cause was then tried by the justice with a jury, who found a verdict that the applicant was entitled to the possession of the premises in question; and the justice upon said finding entered judgment that the applicant is entitled to the possession of the premises in question, and judgment for costs in favor of applicant against defendants for $6.50.

The plaintiffs in error sued out a *certiorari* to this court.

L. & N. W. FALK, *attorneys, and*
NORMAN W. FALK, *counsel for plaintiffs in error.*

I. The said judgment of the justice of the peace should be reversed for the following reasons :

1. The affidavit on which the said proceedings were founded, did not show enough to give the court jurisdiction.

The affidavit, summons and proof, alleged and proved that all the agreement, if any was made, was that Hiram Couchman, one of the defendants, and one Jonathan Russell, agreed *merely to work the land on shares.*

Justice WOODWORTH says in 8 *Cowen*, 221, that this is not a lease (*Taylor's Land. & Ten.* § 720, *p.* 454).

"Where the agreement is simply for the cropping or cultivating land on shares, all the cases agree that the parties *become tenants in common*, and that the relation of landlord and tenant does not exist." (15 *Barb. S. C. R.* 595, 333 ; 16 *How. Pr. R.* 454 ; 3 *Barb. S. C. R.* 397 ; 15 *Wend.* 228 ; 8 *Johns.* 151 ; 3 *Id.* 121 ; 2 *Johns.* 421 ; 8 *Cow.* 220 ; 1 *Wend.* 385 ; 4 *Kent's Com.* 95 ; *Taylor's Land. & Ten.* 2d. ed. 720 ; 26 *Eng. Law and Eq. R.* 139 ; 1 *Hill's R.* 234 ; 7 *New Hamp. R.* 306, 308 ; 3 *Johns.* 216 ; 2d ed. *Cowen's Tr.* 1 vol. 372 ; 3 *McCord's R.* 211 ; *Cro. Eliz.* 143.)

2. The affidavit did not show any conventional relation of landlord and tenant by agreement, as to Orrin Russell. This it *must do* to entitle the party to this remedy. (1 *Seld. R.* 383 ; 5 *Wend.* 281 ; 3 *Barb. S. C. R.* 397 ; 4 *Denio,* 71 ; 24

*Barb. S. C. R.* 438 ; 6 *Hill,* 314 ; *Lal. Sup. to Hill & Den.* 236 ; 24 *Barb. S. C. R.* 438.)

3. To give the court jurisdiction, the preliminary affidavit of the landlord must make out a plain case (6 *Hill,* 314-318). It also must show the tenant's relation to the landlord to be that of landlord and tenant by conventional agreement, and not by operation of law. (5 *Wend. R.* [*see note*] 281 ; 1 *Seld. R.* 383 ; 5 *How. Pr. R.* 86 ; *Prouty* agt. *Prouty,* 19 *Wend. R.* 391 ; 23 *Id.* 614 ; 20 *Id.* 207 ; 16 *Barb. S. C. R.* 474, 483 ; 24 *Id.* 438 ; 4 *Denio,* 71 ; 3 *Sandf.* 664.)

It should moreover show how the defendants, and each of them, are in possession ; whether tenants or undertenants (16 *Barb. S. C. R.* 474, 483). It should not be uncertain or contradictory (*Lal. Sup. to Hill & Denio,* 236).

II. There was no allegation in the affidavit of any demise or leasing to Orrin Russell ; no proof of any on trial, or even letting on shares ; no evidence against him, or that he ever recognized plaintiff or his title in any form. (6 *Hill,* 317 ; 16 *Barb. S. C. R.* 483 ; 24 *Id.* 438 ; 4 *Denio,* 71.)

III. The summons was improperly directed ; it should have been directed to a person in possession of the premises, or person claiming possession thereof, by name (2 *R. S.* § 30, *p.* 757, 4*th ed*). And those only to be named—it is to defendants by name, " or to any other person or persons having or claiming possession." (6 *Hill,* 316 ; 24 *Barb. S. C. R.* 438.)

1. It was wrong, because it required the defendants " to show cause why possession should not be delivered to the landlord." The second R. S. (§ 30, *p.* 757), uses the word *applicant.*

IV. The summons was not served according to law, nor was it properly returned.

1. To give the justice jurisdiction to proceed (2 *R. S.* 4*th ed. p.*757, § 32, *sub.* 2, *as amended* 1857), summons to be served as follows :

" SUB. 1. By delivering to the tenant to whom it shall be directed a true copy thereof, and at the same time showing the original ; or,

SUB. 2. If such tenant be absent from his last or usual

place of residence, by leaving a copy thereof at such place with some person of mature age, residing *on the premises,* or if there be no such person residing thereon, then such service may be made by affixing such copy upon a conspicuous part of said demised premises."

2. .The return should state that Orrin Russell being absent from his last or usual place of residence, that. the copy was left with a person of mature age (stating age, &c). It should have stated that Hiram Couchman (with whom the copy for O. Russell was left), resided at the time on the premises. The return was, therefore, defective.

3. Defendants appearing and objecting, no waiver. (4 *Denio,* 71 ; 1 *Seld. R.* 383 ; 5 *Id.* 35 ; 1 *Hill,* 512.)

V. The notice to terminate the tenancy was not in conformity to law. Also, it was not served at the proper time, and the manner of service was not legal.

1. The defendants, if tenants at all, must have been either " tenants at will," " at sufferance," or from year to year, at time notice was served. If tenants at will or at sufferance, they (by statute) were entitled to a thirty days' notice to quit.

2. According to the landlord's affidavit, the contract terminated first of April, 1858. The notice to quit was not served until in August following.

3. The notice of thirty days must be given at the end of the year ; that is, the thirty days must terminate with the year (*Prouty* agt. *Prouty,* 5 *How.* 87, 89, 92).

4. Tenants from year to year, are included in the term " tenants· at will ". (5 *How. Pr. R.* 81). " These statutes " being in derogation of the common law rights of tenants, and must be strictly pursued (5 *How.* 93). The notice was not legally served. (2 *R. S. 4th ed. p.* 153, § 8 ; 20 *Wend.* 207, 209 ; 1 *Hill,* 512 ;· 7 *East,* 71 ; 1 *Seld. R.* 383 ; 5 *Id.* 35.)

VI. The jury were not drawn in accordance with the statute relating to these proceedings. Twelve were summoned and only eleven appeared, and the jury were drawn from the eleven.

1. This was contrary to the statute. See 2 Revised Stat-

utes (*4th ed. p.* 757, § 36), says : " Six of the persons so sum-moned shall be drawn," &c.

2. The court excused Lucius Dellamater, one of the per-sons drawn. No excuse shown for the same. This was error. See objection to same by defendants. (2 *R. S. 4th ed. p.* 758, § 36 ; 20 *Wend.* 207, 209 ; 1 *Seld.* 383 ; 5 *Seld.* 35.)

VII. The testimony shows that about ten acres of the land claimed in affidavit was not leased at all, on shares or other-wise, Yet the plaintiff recovered for the whole, being the seventeen acres.

VIII. The court erred in not allowing the defendants to show a right of possession in defendants, by title or other-wise, under which they were in possession, as set forth in each of defendant's affidavits. (*See* 3 *Barb. S. C. R.* 400.) WILLARD J., says, " that the right of possession was put in issue by plaintiff and defendant's affidavit." (1 *Hill,* 121 ; 2 *Id.* 554 ; 3 *Id.* 182 ; 6 *Id.* 317 ; *Crary on Special Pro.* 467.)

1. The title in this case was in issue by plaintiff's affidavit as well as the affidavits of defendants.

2. The plaintiff claimed to be entitled to the possession as owner. And defendants in their affidavit set up title and ownership acquired prior to any letting, which entitles defendants to controvert that fact in issue. (2 *R. S.* § 34, *p.* 757, *4th ed. ;* 3 *B. R.* 402 ; *Tay. Land. & Ten.* 2d *ed.* 509, § 723 ; 11 *W. R.* 916 ; *Crary's N. Y. Pr. on Special Pro.* 467 ; 3 *Sandf.* 664 ; 6 *Wend.* 666 ; 5 *Seld. R.* 47 ; 16 *N. Y. R.* 573 ; 15 *Id.* 377 ; 22 *W. R.* 121 ; 1 *Sandf.* 517.)

IX. The court erred in not dismissing the proceedings on grounds set forth on page 28 of case, and in not charging the jury as requested by defendants' attorney, and in charg-ing as he did ; to which defendants' attorney excepted.

The court cannot reverse as to one, but only as to all the defendants. If irregular as to one, it is irregular as to all. (*Crary's Spe. Pro.* 475 ; 5 *Seld.* 227 ; *Lal. Sup. to Hill & Denio,* 236.)

All the points raised for the reversal in this case, were specifically made in the court below and overruled.

For the above reasons, the defendants ask the court to reverse the judgment of the justice of the peace, with costs.

VALENTINE FERO, *attorney, and*
L. D. HOLSTEIN, *counsel for defendant in error.*

*By the court,* HOGEBOOM, J.   The affidavit made by the defendant in error, was clearly insufficient to give the justice jurisdiction.   The facts stated therein, simply show " a cropping or cultivating of land on shares," and by numerous authorities, and a series of well adjudicated decisions, the parties in such cases are *tenants in common.* (15 *Barb. S. C. R.* 595, 333 ; 16 *How. Pr. R.* 454 ; 3 *Barb. S. C. R.* 397 ; 15 *Wend.* 228 ; 8 *Johns.* 151 ; 3 *Id.* 121 ; 2 *Id.* 421 ; 8 *Cowen,* 220 ; 1 *Wend.* 385 ; 4 *Kent's Com.* 95 ; *Taylor's Land. & Ten.* 720 ; 26 *Eng. Law & Eq. R.* 139 ; 1 *Hill,* 234 ; 7 *N. H. R.* 306-8 ; *Cro. Eliz.* 143.)

And it is equally well settled that in such cases no realtion of *landlord and tenant* exists.   (*See authorities before cited.*) The affidavit must show the conventional relation of landlord and tenant, and that by an agreement, before the applicant is entitled to this remedy.   (1 *Seld. R.* 383 ; 5 *Wend.* 281 ; 3 *Barb. S. C. R.* 397 ; 4 *Denio,* 71 ; 24 *Barb. S. C. R.* 438 ; 1 *Hill,* 314 ; *Lal. Sup. to Hill & Denio,* 236.)   And the affidavit must show the tenant's relation to the landlord to be that of landlord and tenant by conventional agreement, and not by mere operation of law.

The affidavit showing no such relation of landlord and tenant, the justice clearly erred in issuing his summons, as well in not discharging the proceedings on motion of the plaintiffs in error, for the reasons I have given.

The judgment and proceedings before the justice should be reversed.