## NEW YORK SUPERIOR COURT.

PHILIPPINE KASSEL agt. ADOLPHUS E. BECKER and others.

Where a *married woman* brought an action against her husband and others, for an accounting of the rents and profits of certain leasehold premises on which she claimed to have erected certain buildings with her own means, (but not at her husband's request, or upon any understanding between them,) and alleged that for upwards of two years past, her husband being a " shiftless and improvident person, and unwilling to make any exertion for the support of the plaintiff and her child, left her and has not since resided on said premises," and for five months had not contributed a dollar to her support or her child residing with her, although he has always received the rent of the premises; also alleged that her husband combined with one of the other defendants to defraud her of her right in the buildings and procured her removal from apartments occupied by her, and for that purpose he put such defendant in possession of a part of the buildings whereof the latter claimed to be landlord, and he had resorted to summary proceedings to dispossess the plaintiff, and that said defendant was irresponsible,

*Held,* 1st. That the allegations in the complaint first referred to might be sufficient to sustain an action for the purpose of procuring a *separation* or *maintenance*. As auxiliary to such relief, if the husband was engaged in fraudulently secreting or disposing of his property in collusion with others, to evade the making a proper allowance for his wife, the court would have a right to interfere by injunction to prevent such disposition if not made, or annul it if made.

2d. Unless the plaintiff had alleged and *prima facie* established a right in herself to the legal ownership of the premises, or a right of possession to a definite part thereof, or some equity to remain in possession separate from any rights *as a wife*, the *summary proceedings* taken against the plaintiff's husband alone were of no importance. The warrant issued on such proceedings would not authorize the officer to eject the plaintiff if she had any *separate interest*, without an opportunity of being heard in her defence.

3d. There was nothing in the complaint or affidavits establishing any right of the plaintiff *in the premises* or claim to them, or the possession of any part thereof independently of any general rights she might have as a wife to a suitable *maintenance*. Her application of her means to build a house on them without any understanding with her husband, gave her no right in a lien on the premises, and did not afford any ground to sustain an injunction to protect her equitable rights.

4th. The case being thus stripped of the aspect of an action to sustain an equitable right to the lease of the premises, or the possession of part thereof, brought against the legal owner and a fraudulent grantee, with notice of the rights of the equitable owner, to whom the latter could never be tenant, could only be sustained upon the ground of a *proceeding to enforce a maintenance*. And that right would not give the plaintiff the privilege of selecting a particular portion of her husband's property and insisting it should be set apart for her; on the contrary, the amount and means of maintenance, and the mode of securing it, is entirely within the discretion of the court. Complaint allowed to be amended.

*New York Special Term, July*, 1863.
TRIAL by the court.

C. C. EGAN, *for plaintiff*.
P. F. SMITH, *for defendant Becker.*

ROBERTSON, Justice.   The defendant Kassel, the hus-
band of the plaintiff, was lessee of the premises in con-
troversy from May, 1849, to May, 1856, under a lease from
a Mr. Devoe, from May, 1856, to May, 1863, under a lease
from his executors, and in February took a new lease of
them from Miss Devoe and Mrs. Allen for seven years
from the first of May last, at the rate of four hundred
dollars a year.   The plaintiff's name nowhere appears in
such leases, nor is it pretended they were taken in her
husband's name for her benefit, or in pursuance of any
agreement between them.   It is alleged that she erected
certain buildings on said premises with her own means,
but not at her husband's request, or upon any understand-
ing between them.

In March last, Kassel let the front building and a room
on the second floor of a rear building on such premises to
the defendant Becker, for the rent of six hundred dollars
a year, and on the first of May last Becker relet to Kassel
the second floor of the front building, for a month, for the
sum of ten dollars.   On the fourth of May last Kassel as-
signed the lease of the whole premises to a Mr. Schmitt
for the sum of three hundred dollars, being a hundred
dollars less than the excess of the rent received by him
over that paid to the lessor.

The complaint demands as relief that the defendant
Becker surrender up to be canceled any agreement be-
tween him and the plaintiff's husband, and that they
account for the rents and profits of the premises since
Becker took possession of them.   It alleges that for up-
wards of two years past the plaintiff's husband, being a

" shiftless and improvident person, and unwilling to make any exertion for the support of the plaintiff and her child, left her, and has not since resided" on said premises, and for five months has not contributed a dollar to her support or her child residing with her, although he has always received the rent of the premises.

The Revised Statutes provide that a separation from bed and board perpetually or for a limited time may be decreed between husband and wife (2 R. S., §§ 50, 51) for the abandonment of the latter by the former, and his refusal or neglect to provide for her. They also provide that though a decree for such separation be not made, the court may make such order and decree for the suitable maintenance and support, by a man of his wife and children, out of his property, as the nature of the case renders suitable and proper. (Id., § 55.) This last provision clearly makes the decreeing a suitable support part of the relief in the action, although the main object, to wit : a separation, be not attained. It would be an anomaly for a court to grant relief to a plaintiff, and yet decree that there was no ground for the action, and wholly dismiss it. In all the cases enumerated in the section already referred to, (§ 51,) therefore, the court has power, although refusing a separation, to decree a maintenance. But by the statutory qualification, " as the nature of the case renders suitable and proper," it was evidently intended that the relief should correspond with the wrong, and the maintenance of a family left by the husband without any support, under the third subdivision of that section, would be a proper remedy for such abandonment. Where the wrong done by the husband consists solely of such abandonment, which may arise from mere indifference, a separation, which might be necessary in case of the cruel treatment or improper conduct specified in the two prior subdivisions, implying personal malice, would not be indispensable.

In this case the allegations in the complaint already referred to may be sufficient to sustain an action for the purpose of procuring a separation or maintenance. As auxiliary to such relief, if the husband was engaged in fraudulently secreting or disposing of his property in collusion with others, to evade the making a proper allowance for his wife, the court would have a right to interfere by injunction to prevent such disposition if not made, or annul it if made.

The complaint in this case charges also as follows: That the plaintiff's husband combined with the defendant Becker to defraud the plaintiff of her right in the building in question, and procure her removal from apartments therein occupied by her, and for that purpose he put the defendant Becker in possession of a part of such building whereof the latter now claims to be landlord, and he has resorted to summary proceedings to dispossess the plaintiff; also that Becker is irresponsible.

Unless the plaintiff has alleged and *prima facie* established a right in herself to the legal ownership of the premises in question, or a right of possession to a definite part thereof, or some equity to remain in possession thereof separate from any rights as a wife, I do not regard the summary proceedings taken against the plaintiff's husband alone as of any importance. The warrant issued on such proceedings would not authorize the officer having it to execute, to eject the plaintiff if she had any separate interest. Even her husband in such case could not dispossess her, and no proceedings against him alone, whether with or without his connivance, would authorize a third person to do so. The warrant issued, it is true, follows literally the language of the statute to remove all persons from the premises. That, however, would not authorize the removal of any one not named in the proceedings, unless under the control of one named therein, such as

his family would be, and the plaintiff was not so named in this case.

Although the statute prescribes that the warrant shall command the removal of all persons, its whole purport shows there was no intention to violate the constitution, by depriving any one of their rights, without an opportunity of being heard in their defence. The summons first issued is required to have the tenants named in it, (*Hill* agt. *Stocking*, 6. *Hill*, 314; *Cunningham* agt. *Goelet*, 4 *Denio*, 71,) unless he appear without objection, (*Sims* agt. *Humphrey, id.*, 185,) and it must be delivered to the person to whom it is directed. (2 *R. S.*, 514, § 32, *sub.* 11.)

The provision that it should require "any person in possession of the premises, claiming the possession thereof," to remove or show cause against doing so, was intended to designate the position of the persons who were to be notified, such as subtenants and the like, and not to prescribe the form or effect of the summons. (2 *R. S.*, 513, § 30.) The same class of persons similarly designated are authorized by a subsequent section (§ 34) to controvert the statements in the affidavits on which the summons is issued After a trial the warrant is required to contain a mandate to put the claimant in possession, as previously prescribed. (2 *R. S.*, 515, § 40.) But whether before or after trial, it would not justify the removal of parties in possession who had never been heard, and who might claim a right of possession. Under cover of such a proceeding the grossest wrongs might be inflicted.

In this case, however, there is nothing in the complaint or affidavits establishing any right of the plaintiff in the premises, or claim to them, or the possession of any part thereof, independently of any general rights she may have as a wife to a suitable maintenance. Her application of her means to build a house on them, without any understanding with her husband, gives her no right in a lien

upon the premises. Even a stranger building on another man's land is presumed to have intended to make a present. A wife, the property in whose possession is presumed *prima facie* to be the husband's, must certainly, *a fortiori*, be presumed to have advanced the money gratuitously, and furnished the head of the family with it as her contribution for their joint support. The equity of a wife, which the court protects before her property is reduced into the possession of her husband, vanishes when that result has occurred. (*Wicker* agt. *Clark*, 3 *Edwards*, 58.) Such a confusion of property as occurred in this case is entirely different from a gift by a wife to her husband of property which can be traced in specie, where it must be established to be made freely. (*Jaques* agt. *Methodist Episcopal Church*, 17 *J. R.*, 548 ; *Cruger* agt. *Cruger*, 8 *Barb.*, 225 ; *S. C.*, 4 *Edw.*, 433.) The last lease of the plaintiff's husband recites the buildings in question to have been erected by him, and the contract contained in it to pay for them was evidently made on the faith of that recited fact. The evidence offered to me leaves the employment by the plaintiff of her own separate estate in erecting, so much in doubt as not to afford any ground to sustain an injunction to protect her equitable rights.

The case being thus stripped of the aspect of an action to sustain an equitable right to the lease of the premises in question, or possession of part thereof, brought against the legal owner and a fraudulent grantee, with notice of the rights of the equitable owner, to whom the latter, of course, could never be tenant, (3 *Sand.*, 366,) can only be sustained upon the ground before mentioned, of a proceeding to enforce a maintenance. That right, however, would not give the plaintiff the privilege of selecting a particular portion of her husband's property and insisting it should be set apart for her. On the contrary, the amount and means of maintenance, and the mode of securing it, are entirely within the discretion of the court.

But upon proper grounds, as I have stated, an injunction might issue against a husband to prevent him from disposing of property to evade furnishing a suitable maintenance. Although there are circumstances of suspicion in this case as to the good faith of the lease to and hiring from Becker by the plaintiff's husband, there is no positive averment in any of the papers before me that the wrong intended was the evasion of a suitable support; it certainly forms no part of the complaint, and the injunction, as it stands, is not a remedy which should be given upon the case made by it. The only evil charged to be intended is the removal of the plaintiff from particular apartments. It might be proper to grant the motion to dissolve the injunction, without prejudice to a new application after an amendment of the complaint, were there not some evidence of an apparent attempt to abuse the process of a court or magistrate to carry out the scheme of leaving the plaintiff destitute. She is entitled, if she can make a case for it, to set aside the lease to Becker and assignment to Schmitt, if made by her husband collusively to deprive her of any means of support, and to have an injunction to prevent any transfer or collection of rents by them, as a provisional remedy. The warrant has been executed and is spent; there was therefore no necessity for an injunction against the defendant Block, who would be a trespasser if he undertook to remove the plaintiff under it, if she had any rights separate from her husband's. If, therefore, the plaintiff can amend her complaint truthfully, by charging any combination or acts of collusion between the defendants alone, or them and Schmitt jointly, to prevent her from obtaining a maintenance, making Schmitt a defendant if she pleases, the injunction may be retained in a modified form so as to prevent the defendant Becker from transferring his lease or underletting the premises, or taking proceedings to get possession of them, or collecting rents until the

further order of the court, upon filing a new undertaking
with proper sureties, and paying ten dollars costs of this
motion, with liberty to the defendant Becker to renew
his motion to set aside such injunction after the com-
plaint is so amended and served, upon the same papers
and such additional ones as she may be advised; other-
wise the injunction must be dissolved.

The order to be entered in the case should specify the
amendment proposed to be made to the complaint, and
may be settled upon two days' notice.