PEOPLE *ex rel.* WYMAN v. JOHNSON.

*Landlord and tenant — summary proceedings to remove tenant — affidavit in — appearance — waiver.*

In summary proceedings to remove a tenant when the affidavit is made by the agent of the landlord, it must be stated affirmatively in the affidavit that he is such agent; it is not enough to state it by way of recital.

The appearance of a party solely for the purpose of objecting to the jurisdiction of the officer, or the regularity of the proceedings, does not waive the defects in proceedings preliminary to such appearance. *Cunningham* v. *Goelet,* 4 Den. 71, followed.

CERTIORARI, under Revised Statutes, part 3, chap. 8, title 10, art. 2, § 47, to remove to this court summary proceedings had under the provisions of the article mentioned before a justice of the peace.

The certiorari in this case was issued to review the proceedings of a justice of the peace of the city of Syracuse, in summary proceedings instituted in the name of the respondent, Christian M. Johnson, to remove the relator from a house in said city owned by said Johnson, and which had been leased to the relator at the rent of $12 per month, payable monthly in advance. Rent became due on the first day of May last, and was then demanded, and not being paid these proceedings were instituted.

The affidavit presented to the justice was made by Charles T. Johnson, who swore that Newman Wyman was indebted to Christian

M. Johnson in the sum of $12, due on the first day of May, 1873, for rent of house belonging to him, who is now entitled to the possession thereof lately demised by him to said Wyman and in which he resides; that on the 1st of May the rent was duly demanded of said Wyman, or possession of said premises, who refused to pay or surrender possession, and holds over and continues in possession without the permission of the landlord.

On this affidavit a summons was issued and delivered to Charles T. Johnson, who returned the same to the justice, who issued it with an affidavit of said Johnson indorsed thereon; that on the second day of May, 1873, he served the said process on Newman Wyman, the defendant, at the premises named therein, by handing to and leaving with him a true copy thereof.

On the day named in the summons for showing cause, Wyman appeared solely for the purpose of objecting to the regularity of the proceedings, which he thereupon did. The justice overruled the objection. Wyman did not put in any affidavit denying the matters set out in the affidavit of Johnson. Charles T. Johnson was then examined as a witness on behalf of the landlord, and the justice issued his warrant for the removal of Wyman, and he was removed accordingly.

*Coats & Hubbard,* for relator.

*Sedgwicks, Kennedy & Tracy,* for respondent.

MULLIN, P. J. Section 29 of the statute relating to summary proceedings to recover the possession of land, 3 R. S. 836 (5th ed.), provides that any landlord or lessor, his legal representatives, agents or assigns, may make oath in writing of the facts which, according to the preceding section, authorize the removal of a tenant. The affidavit made by Charles T. Johnson does not disclose that he stands in any relation to the landlord as agent or otherwise. The fact of agency, if the agent makes the affidavit, must be stated affirmatively in it, it is not enough to state it by way of recital. *Cunningham* v. *Goelet,* 4 Den. 71.

In that case the fact of agency was recited. The court reversed the proceedings, on the ground that the appellant did not swear that he was agent of the landlord. *Ex parte Bank of Monroe,* 7 Hill, 178; *Ex parte Aldrich,* 1 Den. 662.

The case of *Cunningham* v. *Goelet, supra,* decides that an appearance by a party for the sole purpose of objecting to the jurisdiction of the officer or the regularity of the proceedings does not waive the defects in the proceedings preliminary to such appearance.

Without considering the other objections raised by the relator's counsel the proceedings must be reversed for the defect in the affidavit.

*Proceedings reversed.*