PEOPLE *ex rel.* TUTTLE v. WALTON.

*Summary proceedings. Set-off.*

The statutes relating to the allowance of set-off and counter-claims have no application to proceedings under the statute for the removal of tenants for non-payment of rent. They are solely applicable to actions, and to such actions only as are mentioned in the statutes.

Accordingly where it was shown that a tenant had tendered one-half of the rent due and had a claim against the landlord for an amount equal to the balance, *held*, that such tender and claim did not constitute a legal answer to the affidavit of the landlord that the rent was not paid.

CERTIORARI to review proceedings had before a district court justice under the statute for the summary removal of a tenant for non-payment of rent.

The facts appear sufficiently in the opinion.

*Thomas Stevenson*, for relator.

No appearance for respondent.

DANIELS, J. The affidavit presented to the justice, on behalf of the landlord, in the proceedings taken before him for the removal of his tenant, for the non-payment of rent, contained a statement of all the facts required to bring the case within the statute, and the person who made it swore positively to the fact that he was the agent of the landlord. 2 R. S. 512 (3 R. S. 5th ed. 836), §§ 28, 29. It was, within the construction of the statute adopted by the courts, sufficient to give the justice jurisdiction of the proceedings. *Cunningham* v. *Goelet*, 4 Denio, 71. Upon the affidavit the justice issued his summons, in the form prescribed, which was served upon the tenant and under tenants named in the proceedings, and upon its return day the tenant appeared and filed his own affidavit, simply controverting the fact that the rent claimed was due; and that was denied because the tenant had tendered one-half the rent before the proceedings were taken, and had an off-set to the other half for improvements upon the premises, which the landlord had agreed to pay, a claim of $150 for the use of the premises, which the landlord had also agreed to pay, and for certain services of the tenant and his clerks. The justice held that this did not contain a legal answer to the application made by the landlord, and in that he was clearly right, for the affidavit, so far as it depended upon the off-set, in substance admitted that the rent was due and unpaid. As long as the demands mentioned in the tenant's affidavit were unapplied to the rent due, both they and the rent were entirely separate and independent demands. The statutes relating to the allowance of off-sets and counter-claims have no application to the proceedings provided for the removal of tenants for the non-payment of rent. They are solely applicable to actions, and to such actions only as are mentioned in the statutes. 2 R. S. 234 (3 R. S. 5th ed. 434, 435), § 48, subd. 5; id. 354, § 18 (5th ed. 634, 635, § 12), subd. 5; Code, § 150.

The determination of the justice was correct, and the proceedings should be affirmed, with costs.

DAVIS, P. J., and DONOHUE, J., concurred.

*Proceedings affirmed.*