Burnee Corporation, Plaintiff, *v.* Uneeda Pure Orange Drink Co., Inc., and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 1, 1927.

Summary proceedings to dispossess — petition, which fails to show existence of relationship of landlord and tenant, defective — failure to allege tenants are holding over, as required by Civil Practice Act, § 1410, subd. 1, warrants dismissal of proceeding.

The petition in this summary proceeding to recover possession of premises occupied under a lease must be dismissed where it fails to recite facts sufficient to show that the relationship of landlord and tenant exists between the parties, and that defendant tenants are holding over after the expiration of their term, as required by subdivision 1 of section 1410 of the Civil Practice Act.

Summary proceeding to recover possession of leased premises.

*Barber, Fackenthal & Giddings [Joseph Diehl Fackenthal* of counsel], for the plaintiff.

*McDermott & Turner [W. Irving Taylor* of · counsel], for the defendants.

Genung, J. Summary proceeding is brought to recover possession of a portion of the premises, known as 719 Seventh avenue, borough of Manhattan, on the ground that the tenants hold over and continue in possession thereof without the consent of the petitioner after the termination of their term. The tenants have appeared specially and moved to dismiss the petition, on the ground that it appears on the face of the petition that the court has not jurisdiction.

The lease between the Amron Realty Corporation and Uneeda Pure Orange Drink Co., Inc., dated May 23, 1922, provided:

" *Twenty-seventh.* The tenants hereby agree to and with the landlord that in case the landlord elects to erect a new building

on the premises of which the demised premises are a part, then and in that event the landlord shall have the right to cancel this lease on May 1, 1927, by giving to the tenants sixty (60) days prior notice in writing to be sent by registered mail to the offices of the tenants or to the demised premises, of his intention to cancel this lease for the reason that he intends to erect a new building, and the tenants agree that upon receiving such notice from the landlord of the cancellation of this lease for the reason above mentioned that they will surrender the said lease and premises to the landlord without any further notice.

" And it is further understood and agreed, that the covenants and agreements herein contained are binding upon the parties hereto and their legal representatives."

It appears from the petition that on or about March 21, 1919, the 719 Seventh Avenue Corporation, the owner of the premises, made a lease for a term commencing April 1, 1919, and ending on June 15, 1944, with one Robert M. Kern; that thereafter said lease and the term thereof were duly assigned by said Robert M. Kern to one Jacob Amron; and that said lease and the term thereof were duly assigned by said Jacob Amron to the Amron Realty Corporation, and that thereupon said Amron Realty Corporation became the tenant under said lease. It further appears that on or about May 23, 1922, while it was the tenant under the lease above mentioned, said Amron Realty Corporation let unto said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named, the corner store in the premises, known as 719 Seventh avenue, for the term of ten years commencing on May 1, 1922, and ending on April 30, 1932, and that said Uneeda Pure Orange Drink Co., Inc., Morris Seid, Lunsford Bays and Abraham Drubitz are the tenants in this proceeding above mentioned. It further appears that thereafter and on February 10, 1927, said Amron Realty Corporation leased to the Loventhal Realty Corporation the whole of the premises demised in and by said lease made between the 719 Seventh Avenue Corporation to Robert M. Kern, for a term commencing on February 15, 1927, and ending on June 14, 1944, subject, nevertheless, to said lease dated May 23, 1922, made by said Amron Realty Corporation to said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named, and that thereupon said Loventhal Realty Corporation succeeded to all of the rights of said Amron Realty Corporation as landlord of and under said lease dated May 23, 1922, made by said Amron Realty Corporation to said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named, and became the landlord thereof and thereunder and that the relation of landlord and tenant as to the premises

described in and demised by said lease arose between said Loventhal Realty Corporation as landlord and said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named as tenants.

It further appears that said lease dated February 10, 1927, made by the Amron Realty Corporation to the Loventhal Realty Corporation contained a provision in part as follows:

" 14. The lessee hereby agrees that as soon as possession of the present building upon the said demised premises can be obtained, the lessee shall commence and expeditiously prosecute the erection of a new building, costing not less than forty thousand ($40,000.) dollars, upon the said premises,  *  *  *."

It further appears that on or about February 26, 1927, and more than sixty days prior to May 1, 1927, and while the relation of landlord and tenant under said lease dated May 23, 1922, subsisted between said Loventhal Realty Corporation and said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named, said Loventhal Realty Corporation duly, and in the manner in said lease provided, served upon the said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named, the notice of cancellation stating that the said lease and the term thereof were canceled and terminated as of May 1, 1927, and that said Loventhal Realty Corporation had elected, intended and decided to demolish the premises, known as 719 Seventh avenue, and would erect upon the land covered by the said building a new building or structure, and that upon their failure to surrender possession of the premises, and vacate therefrom on said May 1, 1927, summary proceedings would be instituted against them by the landlord for the recovery of possession of said premises.

It further appears that on or about March 22, 1927, said Loventhal Realty Corporation duly assigned to the Burnee Corporation, the landlord named in the petition, the said lease dated February 10, 1927, and made by said Amron Realty Corporation and Loventhal Realty Corporation, and that thereupon the said Burnee Corporation succeeded to all the rights and liabilities of said Loventhal Realty Corporation and Amron Realty Corporation, as landlord, under said lease made on May 23, 1922, as aforesaid, and that the relation of landlord and tenant under said lease thereupon arose between the Burnee Corporation, the petitioner, as landlord, and said Uneeda Pure Orange Drink Co., Inc., and the other tenants above named as tenants.

It further appears that said Burnee Corporation, the petitioner, ever since March 22, 1922, has been and now is the tenant under said lease dated February 10, 1927, and is subject to all of the provisions, stipulations and conditions of said lease, including the

provision obligating the tenant to demolish the building now upon the premises and to erect thereon a new building or structure, and that it intends in good faith to comply therewith. It further appears that by reason of the provisions of said lease, dated May 23, 1922, and the notice of cancellation served as required therein, the said lease and the term thereof have been canceled and the term of said lease has been terminated as of May 1, 1927, with the same force and effect as if on that day the term of the demise therein had ended, and that the petitioner is entitled to possession of the premises thereby demised and that the tenants hold over and continue in possession thereof without the consent of the petitioner after the termination of their term as aforesaid.

The tenants have raised specific objections to the petition, *i. e.,* that the plaintiff is not such a person as may maintain this proceeding, under section 1414 of the Civil Practice Act; that the petition fails to state facts showing the interest of the petitioner in the premises and its right to demand possession; that the petitioner had no right to serve a notice of cancellation, as said notice could only be served by the original landlord and that said covenant was personal to the original landlord and did not run with the land nor pass to the successors and assigns; that the petition contains no allegation of assignment of the said lease, dated May 23, 1922, by the Amron Realty Corporation to the petitioner; that the said lease, dated February 10, 1927, made by the Amron Realty Corporation to the Loventhal Realty Corporation, and assigned on March 22, 1927, to the Burnee Corporation, the petitioner herein, was expressly made subject to the said lease dated May 23, 1922, under which the tenants herein are now in possession; and that the petition fails to allege that these tenants are holding over after the expiration of their term.

The objections taken by the tenants are sustained and the petition is defective in the various respects indicated, and, therefore, is dismissed. There is not a sufficient allegation that the relationship of landlord and tenants exists between the parties. (*Weinhaner* v. *Eastern Brewing Co.,* 85 N. Y. Supp. 354; *Russell* v. *Russell,* 32 How. Pr. 400, 407; *People ex rel. Hubbard* v. *Annis,* 45 Barb. 304; *Reid* v. *Cochran,* 151 N. Y. 122; *Fifth Avenue Shops, Inc.,* v. *Fox-Stiefel Co.,* 83 Misc. 127.) The petition does not allege that the tenants are holding over after the expiration of the term of the lease, as required. (Civ. Prac. Act, § 1410, subd. 1.) There is no provision in the lease that upon the giving of notice the lease should terminate. Assuming that the covenant of the lease aforesaid, providing for cancellation of the lease, was not personal to the original landlord and did run with the land and

pass to the petitioner herein, it would seem to be a condition, with the remedy of an action in ejectment, and not a conditional limitation, with the right to maintain a summary proceeding, in the event of default by the tenants. ( *Kramer* v. *Amberg*, 15 Daly, 205; affd., 115 N. Y. 655; *Miller* v. *Levi*, 44 id. 489; *Matter of Guaranty Building Co.*, 52 App. Div. 140; *Goldberg* v. *Levine*, 199 id. 292; *Harris* v. *Goldberg*, 111 Misc. 600; *Cochran* v. *Anderson*, Id. 632.)

It follows, therefore, that the objections must be sustained and the motion to dismiss the petition granted.