THE PRESIDENT and TRUSTEES of the TOWN of FORT WAYNE, for the Use, &c. *v.* JACKSON and Others.

A bond sued on was described in the declaration as payable to " The President and Trustees of the Town of *Fort Wayne*." The bond shown on *oyer* was payable to " The President and Trustees of the *Fort Wayne* corporation." *Held*, that the variance was fatal.

A corporation suing in its true name, on a bond executed to it by a wrong name, should aver in the declaration that the defendant bound himself to the plaintiff by the name contained in the bond.

The corporation of " The President and Trustees of the Town of *Fort Wayne*," is merged in the corporation of " The City of *Fort Wayne*;" a bond executed to the former corporation is transferred to and vested in the

latter; and a suit on such bond should be brought in the name of "The City of *Fort Wayne*."

ERROR to the *Allen* Circuit Court.

DEWEY, J.—This was an action of debt commenced by *The President and Trustees of the Town of Fort Wayne* against *Wick, Lewis, Jackson,* and *Brackenridge.* The action was founded on a bond executed by *Wick* and *Lewis,* as auctioneers within the corporation of the town of *Fort Wayne,* and by *Jackson* and *Brackenridge* as their sureties. The bond, as described in the declaration, was in the penalty of 1,000 dollars, payable to *The President and Trustees of the Town of Fort Wayne,* and conditioned for the faithful performance, by *Wick* and *Lewis,* of their duties as auctioneers. The breach assigned was their failure to pay to *M'Quaed,* on demand, a sum of money they had received in their official character for goods, sold by them, belonging to him. A return of not found as to *Wick* was suggested. The other defendants craved *oyer* of the bond and demurred generally. The bond given in *oyer* was in the penalty of 1,000 dollars, and was payable to *The President and Trustees of the Fort Wayne corporation.* The Court sustained the demurrer, and rendered final judgment for the defendants.

This decision was correct. There was a variance between the bond declared on, and that given in *oyer,* in the name of the corporation. The true name of the corporation of *Fort Wayne* was, under the statute respecting the incorporation of towns, *The President and Trustees of the Town of Fort Wayne.* By that name the plaintiffs sued ; and had they been entitled to sue at all, they should have averred in the declaration that the defendants were bound to them by the name in the bond, to wit, *The President and Trustees of the Fort Wayne corporation.* *Madison Insurance Company* v. *Stangle,* 6 Blackf. 88.

But we are of opinion that there is no such corporation as that, in the name of which the suit was brought. The statute, under which that corporation once existed, contains an express reservation in the legislature of the right to repeal the act, or to dissolve the corporation. The act to incorporate *The City of Fort Wayne* is declared to be a public statute, and we are bound to notice it without its being pleaded.

*Nov. Term, 1843.*

THE PRES. AND TRUSTEES OF THE TOWN OF FORT WAYNE v. JACKSON.

*Thursday, January 4, 1844.*

Nov. Term,
1843.

The forty-third and forty-fourth sections merge the old corporation of *The President and Trustees of the Town of Fort Wayne* in the new one of *The City of Fort Wayne;* and the forty-third section transfers to, and vests in, the latter, all books, papers, moneys, property, and effects which belonged to the former. Local Laws of 1840, p. 16. This provision transferred the bond on which this suit was founded to *The City of Fort Wayne,* in which name the suit should have been brought.

*H. Cooper,* for the plaintiffs.

*C. W. Ewing* and *R. Brackenridge,* for the defendants.

*Per Curiam.*—The judgment is affirmed with costs.