PLUMMER *versus* INHABITANTS OF WATERVILLE.

Whether, in rendering a judgment, the Court of County Commissioners had jurisdiction, must appear from their records.

A petition to the Commissioners, placed upon their records, stating certain facts and invoking their action, in a matter within the scope of their duty, growing out of such facts, gives them jurisdiction.

A judgment of the Court of County Commissioners, in a matter shown to be within their jurisdiction, is in force, until reversed, although there be omissions and informalities in the recitals of their records, as to the preliminary proceedings.

DEBT. — The record of the County Commissioners shows, that the plaintiff by his petition had represented to them, *that*

the selectmen of the town had located a road, and had made return thereof to the town ; *that* the town had accepted the same ; and *that* said road was located across the plaintiff's land by which he sustained injury : — Wherefore he prayed, that a jury might assess the damage ; —

The record further shows, that after due proceedings, a jury assessed the damage at $100. That their verdict was accepted; and that the Commissioners ordered the same to be paid by the town to the plaintiff.

This action of debt is brought upon that order of the Commissioners.

The defendants put in the proceedings of their selectmen and of their town meeting, on the subject of said road.

The case was submitted to the court for nonsuit or default.

*H. A. Smith*, for the defendants.

The Commissioners could have no jurisdiction, because the papers show that in fact, no town road was established on the plaintiff's land.

The jurisdiction of the County Commissioners should appear by their record. *State* v. *Pownal*, 10 Maine, 24. But the record does not show that any road had been legally laid out by the selectmen, or accepted by the town, over the plaintiff's land.

If the Commissioners had jurisdiction, it was appellate only. Their proceedings therefore should have been in the nature of an appeal from some adjudication, as to the damage, made by the selectmen. But there was no such adjudication, and was therefore nothing to appeal from. R. S. chap. 25, sect. 31 ; 8 Maine, 271 ; 26 Maine, 179 ; 3 Maine, 440 ; 6 Mass. 7. The acts of 1786, sect. 7, and of 1821, chap. 118, sect. 9, did not require such an adjudication.

The counsel also contended that the road had not been legally established by the town, because the selectmen did not give seasonable notice of the time and place for locating the same ; nor did they return their location seven days prior to the town meeting, nor adjudicate the amount of land damages ; also because the town meeting for accepting the road was not

legally notified, and because the road was only accepted conditionally, and that in a different place from where it was located.

*Morrill*, for the plaintiff.

SHEPLEY, C. J., orally. — One objection taken by the defendants is, that the town had not in fact established any legal road over the plaintiff's land, and that therefore the County Commissioners had no jurisdiction.

A sufficient answer is, that the plaintiff's petition *stated* to them that such a road had been established. This required them to examine into the matter, and of course gave them jurisdiction. Whether their conclusion was correct, is not now in question.

Another objection is, that the Commissioners' record fails to show affirmatively that there was such a town road.

True, the record should state that the facts alleged in the petition were found to be true. But a record is not void for mere informality. The record of the petition shows that they had jurisdiction. A judgment was rendered, and though informal in its recitals, it is in force, till reversed.

Another objection is, that the proceedings should have been in the form of an appeal.

The statute remedy is called an "appeal." But it is an appeal to no other extent, than that it allows the same question to be examined by another tribunal.

Again, it is objected that the selectmen had proceeded irregularly; that the action of the town in accepting the road was unauthorized, and that they accepted the road in a different place from that located by the selectmen, and accepted it but conditionally.

These are matters, offered merely in evidence to show that the Commissioners had no jurisdiction. But their record fails to show any such irregularities or defects. They cannot therefore be allowed to operate upon the judgment of the Commissioners, rendered against the defendants.

*Defendants defaulted.*