ROSENTHAL *v.* THE MADISON AND INDIANAPOLIS PLANK-
ROAD COMPANY.

The board of county commissioners being an inferior Court of special and
limited statutory jurisdiction, it must appear upon the face of its proceedings
that its action was in conformity with the requirements of the statute gov-
erning the same.

Thus, an act of 1845 (Laws, p. 54), empowered the county auditor to call
special sessions of the board, by giving notice in writing, to each of the com-
missioners, specifying the purpose for which they are called together; and
provided that upon receiving such notice the commissioners should meet and
transact the business for which such special session was called. *Held*, in a
suit where an order by two commissioners was relied upon (the third not

being present), that it should appear that such notice was given, and that such order was upon the subject-matter named in the notice; for at a special session, the board would have no jurisdiction over any business not specified in the notice calling it.

If the legislature change the name of a corporation without altering its powers or identity, it does not affect a controversy between the company and third parties.

May Term,
1858.

ROSENTHAL
v.
THE MADI-
SON, &c.,
PLANKROAD
COMPANY.

Wednesday,
June 2.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—This was a suit by the *Madison and Indianapolis Plankroad Company*, against *Sampson Rosenthal*, to recover toll and penalties alleged to be due from him to the company. The suit was commenced before a justice of the peace. Judgment in the Common Pleas for the company. Sections 22 and 25, of the charter of the company are as follows:

" SEC. 22. If any person or persons using any of said road, shall, with intent or view to defraud said company, pass through any private gate or bars, or along any other ground near the said road, or shall practice any fraudulent means to lessen the payment of such toll, each and every person concerned in such fraudulent practice, shall for every such offense, forfeit and pay to such company, the sum of five dollars, without any stay of execution, to be recovered by an action of debt, at the suit of the corporation, before any justice of the peace, or other Court having jurisdiction, of the proper county; *Provided*, That nothing in this act shall be so construed as to prevent any person residing on said road, from passing thereon, about their premises between the gates, for common and ordinary business."

" SEC. 25. Such company may make, enact and publish any and all ordinances and by-laws which they may deem proper, not inconsistent with the laws of this state, in order to regulate the travel upon such roads, and the rules to be observed by persons in meeting or passing with teams and vehicles, and the width thereof, and all other matters, including the times and places of holding elections, which may be deemed for the welfare of such company. Any person violating any ordinance or by-law made by such company, shall forfeit and pay to such company the sum

May Term, 1858.

ROSENTHAL
v.
THE MADI-
SON, &C.,
PLANKROAD
COMPANY.

of five dollars, to be sued for and collected according to the provisions of the twenty-second section of this charter."

No by-law of the corporation was set up in the complaint, or given in evidence on the trial. Hence, we must conclude that the suit was upon section 22, above quoted, of the charter.

Being so, it was not, it would seem, sustained by the evidence; and if not, then, indeed, there was no cause of action shown in the complaint, as to the penalties claimed. The complaint alleged that the defendant passed through a gate on the road without paying toll. The proof was that he did so because he denied that the company had complied with certain conditions precedent to their right to take toll. He was not attempting to defraud them of toll admitted to be their due, but to prevent them from collecting toll of him to which he alleged they had no right. If his act did not constitute fraud, within the meaning of the charter, no cause for recovering a penalty was shown.

But leaving this point undecided, we pass to another which goes to the whole cause of action, and is decisive of the case.

The plankroad of the plaintiff, it appears, was laid along and upon an existing highway, called the *Michigan Road*. That road being a public highway, the defendant had a right to pass over free of toll, unless the company had the legal possession of it.

Section 26 of the charter authorized the company to extend their road "on, along and upon the *Michigan Road;*" but section 28 provides that, "before said road shall be run through any county in which the consent of the county commissioners thereof has not been already obtained, said company shall procure the consent of said county board."

The object of this provision undoubtedly was, to make it a condition precedent that the company should obtain the consent of the county commissioners before they appropriated the public highway, lying in any given county. The company so understood it; and hence, on the trial of this cause, sought to show a compliance with the condition. As evidence of such compliance, they introduced an order,

made by two of the county commissioners, the third not being present, at a special meeting held at the auditor's office, *October* 1, 1850, giving the company permission to use the *Michigan Road* in *Decatur* county.

They did not prove that any notice was given by the auditor to the commissioners, in writing, or otherwise, specifying the object for which said special meeting was called.

The act of 1845 (Laws of 1845, p. 54), empowered county auditors to call special sessions, "by giving notice in writing, specifying the purpose for which they were called together, to each of the commissioners," &c.; and provided that, "upon receiving such notice, it shall [should] be the duty of said commissioners to meet at the time appointed therein, and transact the business for which such special session was called."

The board of county commissioners is an inferior Court of special and limited statutory jurisdiction. It must appear, therefore, upon the face of its proceedings, that its action was conformable to the requisitions of the statute governing it. *Barkeloo* v. *Randall et al.* 4 Blackf. 476.— *White* v. *Conover*, 5 *id.* 462.—*Rhode* v. *Davis*, 2 Ind. R. 53.—*Straughan* v. *Inge*, 5 *id.* 157.

It was necessary, in this case, then, to show that that Court met pursuant to a written notice, to each of the commissioners, stating the particular object of the session; and further, that the order made touching the extension of the plankroad, by the plaintiff below, into the county of *Decatur*, was upon the subject-matter named in such notice; for at the special session, the board would have no jurisdiction over any business not specified in the notice calling it. *Pulaski County* v. *Lincoln et al.*, 4 Eng. (Ark.) 320.

The consequence is, that the appellee, the plaintiff below, did not show any right to exact toll from the appellant, as a condition of his using the *Michigan Road*.

Another point is made. After the corporation was created, a subsequent legislature changed its name, but without altering its powers. We do not think this fact amount-

May Term, 1858.

ROSENTHAL
v.
THE MADISON, &c.,
PLANKROAD
COMPANY.

May Term, 1858.

ed to anything, as between the company and third persons. The identity of the corporate body could be shown. See *The President, &c., of Fort Wayne* v. *Jackson et al.*, 7 Blackf. 36.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion, with leave to amend, &c.

*J. Gavin* and *O. B. Hord*, for the appellant.