[No. 793.]

### TRAVIS M. JOHNSON, APPELLANT, v. EUREKA COUNTY, RESPONDENT.

JURISDICTION OF COMMISSIONER MUST BE AFFIRMATIVELY SHOWN.—Whenever the jurisdiction of the board of county commissioners depends upon certain facts to be ascertained and determined by it, its record should show that it acted upon the evidence presented and adjudged the facts to be sufficient.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*S. Hetzel and T. Laspeyre*, for Appellant:

I. The statutes of March 11, 1865 (2 Comp. Laws, 171–2), under which the commissioners acted, does not require that all facts set forth in the petition, or that any evidence of the sufficiency of the petition shall appear upon the record to confer jurisdiction. The order shows upon the records of the board sufficient evidence of the sufficiency of the petition; the board acted upon the petition when they made this order. The evidence shows that this tax was levied and collected for the purpose of a police fund and applied as such. The omission of the board to spread all the evidence relative to the sufficiency of the petition was nothing more than an irregularity for which the rights of the plaintiff could not be prejudiced or affected.

II. The commissioners, as officers, were the agents of a corporation, exercising corporate powers as a board, and as such entered into an express contract with plaintiff, and accepted the benefit of his labor and services, and hence the corporation is liable. (*Wait* v. *Ormsby County*, 1 Nev. 377; *Argenta* v. *City of San Francisco*, 16 Cal. 255; *Kilbourne et al.* v. *St. John et al.*, 59 N. Y. 21.) For authorities on ratification: see *Clark* v. *Lyon County*, 8 Nev. 181; *People* v. *Swift*, 31 Cal. 26; Story on Agency, 250-252; Story on Contracts, 72, 160–4, 312–18.

*George W. Merrill, District Attorney of Eureka County, Thomas Wren, and Crittenden Thornton*, for Respondent:

I. The act of the commissioners requesting the sheriff to appoint policemen was null and void for want of jurisdiction. (*Paul* v. *Armstrong*, 8 Nev. 82; *State ex rel. Swift* v. *Ormsby County Commissioners*, 6 Nev. 93; *Hess* v. *Washoe County Commissioners*, 6 Nev. 104; *State ex rel. Thompson* v. *Board of County Commissioners of Washoe County*, 7 Nev. 83; *Hetzel* v. *County Commissioners of Eureka County*, 8 Nev. 309–359; *State of Nevada* v. *Central Pacific Railroad Company*, 9 Nev. 79; *The People ex rel. De Fries* v. *The Supervisors of Marin County*, 10 Cal. 344.)

By the Court, HAWLEY, C. J.:

On the twelfth day of May, A. D. 1873, the board of county commissioners of Eureka county, upon the presentation of a petition purporting to be a petition of a majority of the citizens of the town of Eureka, praying that the provisions of an act of the legislature of this state, entitled "An act to provide policemen in unincorporated cities, towns, and villages," approved March 11, 1865 (Stat. 1864–5, 396), be extended to the town of Eureka, and requesting the appointment of two policemen for said town, and the levying of a tax as provided for in said act, made the following order, viz.: "Ordered that the petition of the citizens of Eureka, asking the appointment of two policemen, be granted, and a tax be levied upon the assessed value of the property in said town for the maintenance of such police force in accordance with the statute, to wit, ($\frac{1}{4}$) one-quarter of one per cent., and that the assessor be directed to make such assessment."

The plaintiff Johnson having been appointed a policeman by the sheriff of Eureka county, in pursuance of said order, brings this suit to recover the sum of one thousand and fifty dollars, amount alleged to be due him for services as such policeman.

The court below dismissed the action upon the ground that the commissioners had no jurisdiction to make the order, it not appearing from the records of said board "that any evidence was offered to show that the signers of said petition were resident electors of said town of Eureka, or that it contained the names of a majority of the resident electors of said town of Eureka; nor do the records of said county commissioners show that they found as a fact that the names signed to said petition were the names of resident electors of the town of Eureka, or that a majority of the resident electors had signed said petition."

We think the court did not err in dismissing the action. This court has frequently decided that the board of county commissioners is of special and limited jurisdiction; that nothing in regard to its proceedings is to be presumed in

its favor, and that its records must affirmatively show the necessary jurisdictional facts. (*The State* v. *The Board of County Commissioners of Washoe County*, 5 Nev. 319; *Swift* v. *The County Commissioners of Ormsby County*, 6 Nev. 97.)

To the same effect are the decisions of courts in other States. (*Rosenthal* v. *The Madison and Indianapolis Plankroad Company*, 10 Ind. 361; *The People ex rel. De Fries* v. *The Supervisors of Marin County*, 10 Cal. 344; *Finch* v. *Tehama County*, 29 Cal. 455.)

Whenever the jurisdiction of the board depends upon certain facts, to be ascertained and determined by it, its records should show that it acted upon the evidence presented, and adjudged the facts to be sufficient.

The judgment of the district court is affirmed.