# JOHN RUDESILL *et al.*

*v.*

## COUNTY COURT OF JEFFERSON COUNTY, for use, etc.

1. PLEADING AND EVIDENCE—*admission by plea of non est factum.* In an action of debt upon the second bond given by a justice of the peace, where the declaration recites the giving of a prior bond, and notice by the surety to give a new bond, the plea of *non est factum,* verified, without any other plea, admits all the allegations of the declaration, except the execution of the bond sued on.

2. ALTERATION—*its materiality.* After the execution of a new bond by a justice of the peace in pursuance of a notice by his surety in the original bond, the clerk of the county court, on its return to him, and without the knowledge or consent of the sureties, inserted therein, after the recital of the election, etc., the words "and given up by A B, his security on, etc., and required to file new bond as such justice of the peace:" *Held,* that the alteration was immaterial, as it did not, in the least, increase or lessen the undertaking of the sureties, and did not render the bond void.

3. SAME—*material alteration in official bond avoids it.* It is no doubt true, that a material alteration of an official bond, increasing the liability of the sureties, without their consent, would release them from the obligation they had assumed in the execution of the instrument.

4. OFFICIAL BOND *of justice of the peace.* The statute requiring a justice of the peace to file a new bond, on notice of a surety of his unwillingness to stand security longer, does not require the new bond to contain a statement or recital other or different from a bond filed in the first instance. It is the surety's notice, filed with the county clerk, which is the authority for the new bond, and not any recitals inserted therein.

5. The notice which the surety gives to the county clerk is required to be filed, and when filed, it becomes a part of the files of his office, and when the question arises whether the justice, in filing a new bond, has acted under and in pursuance of the statute, resort may be had to the notice for the purpose of showing that fact.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. THOS. S. CASEY, for the appellants.

Messrs. POLLOCK & KELLER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, on an official bond of William D. Watson, as justice of the peace. The appellants, who were sureties on the bond, pleaded *non est factum*, verified by affidavit, upon which issue was taken, which was the only issue made by the pleadings. It is averred in the declaration, that Watson was, on the 5th day of April, 1870, elected a justice of the peace in Mt. Vernon township, Jefferson county; that on the 11th day of the same month he filed a bond as such justice, with Isaac Garrison as surety, which was approved; that Watson took the oath of office, received his commission, and entered upon the duties of his office. The declaration also avers that, on the 21st day of June, 1871, Isaac Garrison, upon application for that purpose, was released from the obligation of the bond, and Watson was required to file an additional bond as such justice; that the said Watson did, on the 22d day of June, 1871, file a new bond as justice, with the appellants as sureties, which was accepted, and filed by the county clerk of Jefferson county, which writing obligatory became and was the official bond of said William D. Watson, as justice of the peace, the substance of which is set out in the declaration. The declaration also contains the averment that, after the new bond was filed and accepted by the county clerk, the said Watson exercised and performed the duties of justice of the peace; that afterwards, and in the year 1873, a judgment was obtained before said

justice for a certain sum of money, which he subsequently collected, and failed and refused to pay over, as required by the terms and conditions of his bond.

The averments of the declaration, that Garrison was released as surety of the justice, upon notice to the county clerk for that purpose, and that Watson, the justice, was required and did file a new bond as justice of the peace, on the 22d day of June, 1871, are admitted by the pleadings, and were not necessary to be proven, as the plea of *non est factum* only denied the execution by them of the bond described in the declaration. *Pritchett* v. *The People*, 1 Gilm. 525; *Gardner* v. *Gardner*, 10 Johns. 46.

The bond executed by appellants, upon which the action was brought, conformed to the requirements of sec. 11, chap. 59, Gross Stat. of 1869, p. 393, which was in force when it was executed. But after it had been executed by appellants, and when it was taken by the justice to the county clerk for approval, he, without the knowledge or consent of the sureties, inserted in the bond, after the recital that Watson was elected a justice of the peace in the Mt. Vernon precinct, Jefferson county, on the 5th day of April, 1870, the following words: "And given up by Isaac Garrison, his security, on the 21st day of June, 1871, and required to file new bond as such justice of the peace."

This alteration in the bond by the county clerk, it is contended by appellants, was a material one, and rendered the bond void as to them, and, on account thereof, they are not liable for the acts or official misconduct of the justice. It is, no doubt, true, that a material alteration of an official bond, which would increase the liability of the sureties, without their consent, might release them from the obligation they had assumed by the execution of the instrument. Parsons on Contracts, Vol. 2, p. 718, states the rule thus: "If the alteration does not vary the meaning of the instrument, or does not affect its operation, there is no good reason why it should make the instrument void." What is here quoted, is believed to be in harmony with the current of authority on the ques-

tion. It is not claimed, that the alteration in the bond was made with the design to injure, or for the purpose of defrauding any person. The clerk, on the return of the bond to him for approval, added the inserted words, no doubt, with the view of making the bond conform to a supposed requirement of the statute, regarding them merely as a clerical omission of the scrivener who drafted the instrument. It is true, the clerk had no right to change the bond in any respect after it was executed, unless the obligors were all present, and consented. But we do not, however, regard the alteration as a material one. The words added did not enlarge the liability of the parties who executed the instrument, nor did they detract from, or in any manner lessen, their obligation. The argument of appellants is, if the bond had been filed and approved June 22, 1871, without the recitation that the justice had qualified within twenty days after his election in 1870, as required by section 13, of the statute, *supra*, and after that time had been required to file a new bond, such bond would have been void, as it showed upon its face that the justice had been elected April 5th, 1870, and hence, his office had become vacant on account of a failure to file a bond within twenty days after his election.

A sufficient answer, however, to the position is, the statute does not require a justice's bond, where he has been notified to give new or additional security, to contain a recitation of the facts which required the execution of the instrument. Under the provisions of sections 7, 8, 9 and 10, chap. 78, Gross' Stat. of 1869, p. 471, "where a surety on the bond of a justice of the peace shall file with the county clerk, a notice that he is unwilling longer to be security for such justice, it is the duty of the county clerk to notify the justice to file a new bond, and in case such bond shall not be filed within ten days, the office becomes vacant. But these provisions of the statute, which provide for and require the filing of a new bond, do not require the bond to be filed to contain any recitation or statement, other or different from a bond filed by a justice of the peace in the first instance. It is the notice given by the

29—85TH ILL.

surety of the justice, that he is unwilling longer to be security of and for the justice, filed with the county clerk, which is the authority for the new bond, and not any recitations that may be inserted therein. When the bond is filed within ten days after the justice is notified, the demands of the statute are satisfied, and the officer continues in office, although there may be no allusion to the fact that the bond was given in pursuance of a notice required by the statute.

The notice which the security gives to the county clerk is required to be filed, and when filed, it becomes a part of the files of his office; and when the question arises, whether the justice, in filing a new bond, has acted under and in pursuance of the statute, resort may be had to the notice for the purpose of proving the bond was filed in pursuance of law. The money, to recover which this action was brought, was collected by the justice of the peace in his official capacity. The bond executed by appellants was given to indemnify the public as against the official misconduct of their principal, the justice, and it would be contrary to justice and a sound construction of the statute to allow appellants to escape a responsibility which they have voluntarily assumed, upon a mere technicality.

We are satisfied the judgment of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*