THE PEOPLE EX REL. THE ATTORNEY GENERAL ET AL. v. BROWN.

1. PRACTICE—JUDGMENT ON THE PLEADINGS.

The plaintiff's motion for judgment on the pleadings cannot be sustained in his favor, except when the complaint states a cause of action and the answer presents no defense; but it may be carried back to the plaintiff's pleading, when that is defective, and judgment be entered thereon accordingly.

2. QUO WARRANTO—INFORMATION.

An information to oust a county officer from his office because of his failure to file a new official bond is insufficient if it does not state facts showing that all steps have been taken which are required by the statute relied on to work an extinguishment of his title.

3. OFFICIAL BONDS—COUNTY COMMISSIONERS' JURISDICTION.

Without having first made a finding affecting the sufficiency of the original official bond of a county officer, the board of county commissioners has no jurisdiction to require him to file a new one.

4. SAME—RELEASE OF SURETIES—NOTICE.

The notice filed by a surety on the official bond of a county officer who

desires to be released, must at least be in substantial conformity with the requirements of the statute (Mills' Ann. Stats., sec. 3305), in order to be operative for any purpose.

5. PLEADING—CONCLUSION OF LAW.

An allegation that sureties withdrew from the official bond of a county officer by filing their written notice thereof with the county clerk expresses a mere legal conclusion, and is bad.

6. OFFICIAL BONDS—RELEASE OF SURETIES.

The statute makes no provision for the release of sureties from liability on the official bond of a county officer in consequence of their compliance with its requirements, unless the officer files a new bond.

### Original Proceeding.

Mr. Jo. A. FOWLER, for relator.

Mr. QUITMAN BROWN, *pro se*, Messrs. ROBINSON & LOVE, of counsel.

MR. JUSTICE GODDARD delivered the opinion of the court.

This proceeding was instituted by the filing of an information in the nature of a *quo warranto*, from which it appears that the respondent was elected at the general election of 1895 to the office of county judge of Yuma county, for the full term of three years; and that after having duly qualified, as required by law, he entered upon the discharge of his duties as such judge, and has continued to exercise the functions of the office until the commencement of these proceedings; and which avers, *inter alia:*

"That on, to wit, the 16th day of April, A. D. 1896, all, or nearly all, of the sureties on said defendant's said bond withdrew from the further liability as bondsmen on said bond, by filing their written notice thereof with the county clerk and recorder of said county; that thereafter, on, to wit, the said 16th day of April, A. D. 1896, the said county clerk notified the said defendant of the action of the said bondsmen as last aforesaid; that thereafter, on, to wit, the 18th day of April, A. D. 1896, the said defendant filed with the said county clerk a pretended new but wholly insufficient

bond; that the board of county commissioners of said county were not at the last said date in session, nor were they to be in session within ten (10) days from said time; that the said county clerk temporarily approved the said pretended new but wholly insufficient bond; that thereafter, on, to wit, the 6th day of July, A. D. 1896, the said board of county commissioners of said county, then being duly in session, on the first day of the regular meeting of said board in the month of July, A. D. 1896, disapproved the said pretended but wholly insufficient bond of defendant filed as aforesaid, and then and there summoned the said defendant to appear before the said board at a certain time and place within said county and show cause why he should not be required to file a good and sufficient bond for the faithful discharge of his duties as county judge of said county; that thereafter, on, to wit, the same day the said defendant, in obedience to the said summons, appeared before the said board at the time and place named in said summons; that at said time and place, the said defendant did not offer any evidence in support of the sufficiency of his said pretended but wholly insufficient bond; that said board of county commissioners then and there ordered the said defendant, within twenty (20) days from the last said date, to file a good and sufficient bond in the sum of five thousand ($5,000) dollars for the faithful performance of his duties as county judge with the county clerk of said county; that thereafter, on, to wit, the 15th day of July, A. D. 1896, the said defendant, as a pretended compliance with the last said order of said board, filed another pretended but wholly insufficient bond with the said county clerk; that thereafter, on, to wit, the 28th day of July, A. D. 1896, the said board of county commissioners, then being in session, duly disapproved the last said pretended but wholly insufficient bond filed as aforesaid, and the said commissioners being fully satisfied that the said defendant could not and would not file a good and sufficient bond as required by the statute of said state and by the order of the said board of county commissioners, and that

said defendant was merely trifling with the said order of said board, and more than twenty (20) days having elapsed since the said 6th day of July, the said board then and there declared the office of county judge of said county vacant; that thereafter, on, to wit, the said 28th day of July, the said county clerk notified the said defendant of the action of said board as last aforesaid; that said defendant has not filed nor attempted to file any other bond since he was notified of the action of said board of commissioners in disapproving the last said pretended but wholly insufficient bond, and that more than thirty (30) days have elapsed since the last said day;" and sets forth the appointment and qualification of A. J. Sechrist to fill the vacancy created by the removal of the defendant; also the refusal of defendant to surrender the office upon the demand of Mr. Sechrist; and in conclusion alleges: "That said defendant is in possession of said office, performing the functions thereof, without any bond or security of any nature whatever for his acts and doings while so officiating, to the great detriment of the public, and wholly without authority or sanction of law, and consequently against the law and interests of the public."

The defendant answered, admitting substantially all the material facts stated in the information, except the allegation as to the insufficiency of the bonds which he had tendered. Thereupon the relator moved for judgment on the pleadings, because it appeared that the respondent had not filed a new bond, " as required by statute and the order of the board of commissioners; " predicating his right thereto upon the following statutory provisions:

" Whenever the board of county commissioners of any county of this state shall deem the bond given by the sheriff or other officer of the county insufficient, or whenever in their opinion the sureties on said bond are insolvent or permanently removed from the county, or whenever they for any other reason shall consider said bond insufficient for the public security, it shall be lawful for them to require of said sheriff or other officer a new bond, with such sureties and so

conditioned as required by law in the first instance." Mills' Ann. Stats., sec. 814.

" In case any sheriff or other officer shall refuse or neglect, for a period longer than thirty days after receiving notice so to do, to give a new bond as heretofore required, then, in that case, it shall be lawful for said board of county commissioners to declare the office vacant and appoint some other person to fill the vacancy, who shall hold the office until a successor is elected or appointed." Mills' Ann. Stats., sec. 815.

" It shall be the duty of the board of county commissioners of each county, at each regular term, on the first day of each term, to examine and inquire into the sufficiency of the official bond of the county judge; * * * and if it shall appear that one or more of the securities on the official bond of any such county officer has or have removed from the county, died or become insolvent, or of doubtful solvency, the said board of county commissioners shall cause such county judge * * * to be summoned to appear before said board on a day to be named in said summons, to show cause why he should not be required to give a new bond, with sufficient security; and if, at the appointed time, he should fail to satisfy said board as to the sufficiency of the present security, an order shall be entered of record by said board, requiring such county judge * * * to file in the office of the county clerk, within twenty days, a new bond, to be approved as required by law. Mills' Ann. Stats., sec. 3300.

" Any person who now is or may hereafter become the security of any * * * county judge * * * or other county officer, shall have the power of releasing himself from further liability as such security for such officer, by filing in the office of the county clerk a notice that he is unwilling longer to be security for such * * * county judge * * * or other county officer." Mills' Ann. Stats., sec. 3305.

" When any notice shall be filed as aforesaid with the county clerk, he shall immediately give notice thereof to such * * * county judge or other county officer, as the case

may be, who shall thereupon file other security, to be approved by the board of county commissioners, if the same shall then be in session, or if a session thereof be commenced within ten days after notice shall have been given; but if said board be not in session, nor a session thereof to be commenced within ten days thereafter, then the said * * * county judge * * * or other county officer, as the case may be, shall within ten days file said bond with the county clerk, which said clerk shall, in such case, judge of the sufficiency of said bond, subject, however, to the decision and approval of said board of county commissioners, at their meeting thereafter, as in other cases." Mills' Ann. Stats., sec. 3306.

"If said * * * county judge * * * or other officer, as the case may be, shall not, in the time and manner aforesaid, file bond, to be approved as aforesaid, the said office shall become vacant, and the said vacancy shall be filled in manner as is now provided by law." Mills' Ann. Stats., sec. 3307.

Upon the argument of the motion, the respondent attacked the sufficiency of the information, and asked that the motion be carried back to that pleading. The question, therefore, primarily presented, is as to the sufficiency of the information, since a motion for judgment on the pleadings cannot be sustained in favor of a plaintiff in any case except where the complaint states a cause of action, and the answer fails to present a defense. *Felch v. Beaudry*, 40 Cal. 439; *Loveland v. Garner*, 74 Cal. 298.

And such a motion by a defendant is proper when the complaint does not state facts sufficient to constitute a cause of action. *King v. Montgomery*, 50 Cal. 115; *Kelley v. Kriess*, 68 Cal. 210; *Toro v. Robinson*, 91 Cal. 371.

The inquiry then is whether the facts alleged in the information are sufficient to show a legal divestiture of respondent's title to the office of county judge, since it appears that he was lawfully in possession of the office at the beginning of a term not expired by lapse of time. In other words, upon the proceedings had, was the board authorized to declare respondent's

title extinguished and the office vacant, under and by virtue
of either of the foregoing provisions of the statute?

It is to be observed that two proceedings are authorized
thereby: one to be initiated by the board of county com-
missioners, and predicated upon the insufficiency of the of-
ficer's original bond; and the other by a bondsman who is
unwilling to longer be security for the officer.   Each of the
provisions is independent of the other, and complete in it-
self.   It follows, therefore, that an information to oust or
exclude an officer from his office, because of his failure to
file a new bond, must, by apt averments, bring the case within
one or the other of these provisions.   In other words, it must
state facts showing that all the steps required by one or the
other have been taken.   In this we think the information is
defective.   There is no allegation that the board of county
commissioners " examined and inquired into the sufficiency "
of defendant's original bond, or made any finding in respect
thereto.   Without a finding of the insufficiency of the origi-
nal bond, the board had no jurisdiction to require the filing
of a new one.   *People v. Supervisors*, 10 Cal. 344.

A board of county commissioners has but a limited and
special jurisdiction; and as there is no presumption in favor
of the regularity of its proceedings, its records must affirma-
tively show the necessary jurisdictional facts in support of
its action.   *State v. Washoe County*, 5 Nev. 317; *Johnson v.
Eureka County*, 12 Nev. 28; *Plummer v. Inhabitants, etc.*, 32
Me. 566; *Rosenthal v. Plankroad Co.*, 10 Ind. 358.

The failure on the part of respondent to comply with a
requirement which the board had no jurisdiction or power
to make cannot warrant the declaration of vacancy in his
office, or constitute cause for his removal therefrom.   The
information, because of its failure to allege that the board
of county commissioners had found the defendant's original
bond insufficient, does not make a case against him under the
provisions of the statute authorizing the board to require a
new bond.   Nor do the averments of the information bring
the case within those other provisions that a vacancy in office

may result by operation of law from a failure to file other security when the surety who desires no longer to be security for the officer has taken the prescribed steps to be released therefrom. The allegation on this branch of the case is:

"That on, to wit, the 16th day of April, A. D. 1896, all, or nearly all, of the sureties on said defendant's said bond withdrew from the further liability as bondsmen on said bond, by filing their written notice thereof with the county clerk and recorder of said county; that thereafter, on, to wit, the said 16th day of April, A. D. 1896, the said county clerk notified the said defendant of the action of the said bondsmen."

This averment is insufficient. The statute designates the kind or nature of the notice to be filed by a surety in such a case; and its requirements must be substantially complied with at least, in order to be operative for any purpose. *State v. Laughton,* 19 Nev. 202.

The allegation that the sureties withdrew from further liability as bondsmen expressed a mere legal opinion, based upon facts not stated. Such an allegation in a pleading is a nullity. The statutes defining the relief which an unwilling surety may obtain are as follows:

"If a new bond shall be given by any officer, as provided in the foregoing sections of this chapter, then the former securities shall be entirely released and discharged from all liability incurred by any such officer, in consequence of business which may have come to hand from and after the time of the approval of the said new bond." Mills' Ann. Stats., sec. 3308.

"The provisions of this chapter shall not be so construed as to operate as a release on the securities of any of the aforesaid officers, for liabilities incurred previous to the filing of a new bond, as required in the foregoing sections of this chapter." Mills' Ann. Stats., sec. 3312.

It is apparent from these provisions that such a surety is not discharged or released at all, unless a new bond be filed. The conclusion that the sureties withdrew from the bond on April 16th, is therefore erroneous, whatever the notices filed

may have been. Since a sufficient notice by a surety must be held to be a jurisdictional fact in a proceeding under sections 3305 and 3306 (*Rudesill v. Jefferson Co.*, 85 Ill. 446), the absence of an apt averment of the filing of such a notice is fatal to the information ; and it follows, therefore, that for want of such an averment, the information herein fails to state a cause of action, and that the motion must be carried back and sustained thereto, and the action dismissed.

*Dismissed.*