## CHARLES H. TALCOTT ET AL.
### v.
## GRANT WIRE & SPRING COMPANY.

*Insolvency—Creditor's Bill—Receiver—Sec. 25, Chap. 32, R. S.—Injunctions—Preferences—Judgment by Confession.*

Upon a contention involving the winding up of an insolvent corporation, this court holds that certain notes were given by it to plaintiff and judgment confessed thereon upon an agreement that a creditor's bill for the benefit of all the creditors of the firm should be filed; that plaintiffs were not entitled to any preference over the other creditors of the firm, and that although it was error to dismiss the intervening petition of another creditor setting forth the facts above recited, the same was cured by the decree ordering a *pro rata* distribution of the assets in the receiver's hands.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. GEORGE S. HOUSE and E. C. HAGAR, for appellants.

Mr. MILLARD R. POWERS, for appellee.

Messrs. MUNROE & GEER, and MANNING & CASTLE, for

Joseph G. Bemis et al., and Messrs. ISHAM, LINCOLN & BEALE, for Naylor & Co.

GARNETT, P. J.    On December 16, 1887, appellee, a corporation organized under the general incorporation law of this State, being insolvent, ceased business, and called a meeting of its creditors on the 21st of that month.    One of its creditors, Joseph G. Bemis, in behalf of himself and all other creditors who might come in and contribute to the expense of the suit, filed a bill in equity in the Superior Court on December 17, 1887, alleging therein the names of the owners of the capital stock; that the company had ceased doing business, leaving a large indebtedness unpaid, including his own; that the company was insolvent, and praying therein for the appointment of a receiver; that the corporation might be dissolved pursuant to Sec. 25, Chap. 32, Revised Statutes, and that George Bancroft and Stephen Mershon, the president and secretary of said company, might be enjoined from assigning, incumbering or interfering with any of its assets, and from making any entries upon its books or papers.    On the same day a summons was issued and served on the company, its president and secretary (who were also stockholders), and a writ of injunction in conformity with the prayer was at the same time issued and served on the president and secretary. Appellants were also simple contract creditors of the corporation, and began immediately to make efforts, through their attorneys, to secure priority over other creditors.    At the meeting of creditors on December 21st, the counsel for appellants suggested that judgment notes should be given for their clients' claims, and appellee did execute and deliver to them notes and confessed judgments, as requested.

Appellants caused judgments to be entered in their favor and against appellee, by its confession, on December 21, 1887. Executions were at once issued, and returned no property found, and a creditor's bill was filed by appellants against appellee on December 22, 1887, which appellants now insist is a first lien in equity in their favor, and that they have thus secured a preference over all the other creditors.    In the lat-

Talcott v. Grant Wire & Spring Co.

ter suit an intervening petition was filed by Naylor & Co., also creditors, in which they alleged that the confessions of judgment were given to appellants on their agreement to enter judgment and file a creditor's bill for the equal benefit of all the creditors. The answer of the appellee alleges the same fact. The two bills were heard together, and the court denied the petition of Naylor & Co., excluded the evidence taken thereon, and dismissed their petition, but also denied appellant's claim to a preference, and ordered a *pro rata* distribution of the funds in the hands of the receiver among all the creditors. Denying the preference to appellants is now the subject of their complaint.

Although the decree in form ignores the contention of Naylor & Co., in substance it grants all that they prayed for, and some reference by appellants to the facts asserted in the intervening petition might therefore reasonably have been anticipated. But in the brief filed for them a discreet silence on this topic is maintained, and, while the brief of appellee is largely composed of a discussion of these facts, appellants have not adverted thereto, either by oral argument or reply brief. In this condition of things the silence of appellants may be taken as a confession that the allegations of Naylor & Co.'s petition are true. Upon that alone, however, we have not relied. Examination of the record satisfies us that the petition was sustained by the proof. Appellee had consistently maintained the attitude of impartiality between these creditors. For three days prior to December 21st its officers and legal advisers had been importuned by appellants' attorneys for priority over other creditors, but all overtures to that end were steadfastly resisted until December 21st, when the creditors met in answer to the call. Although the evidence is conflicting on the point, we think it establishes with reasonable clearness that when the attorneys of appellants, at their meeting, suggested that confessions of judgment be given to enable them to enter judgments on appellants' demands, the suggestion was not assented to until assurance was given that a creditor's bill for the equal benefit of all the creditors would be filed. No good reason can be advanced why an appellee

should shift its position at that meeting and fall in with the request for preferences, which it had before that time persistently refused. In fact, one of the counsel for the appellants admits, in his testimony given in the cause, that he knew of no reason which made it the duty of appellee to give appellants preferences. There were then no judgments against the company, and all the creditors were of equal merit. No superior equity has even been suggested in behalf of appellants, nor does there appear any peculiar obligation to them which distinguishes them from other creditors. The maxim that equality is equity is applied to this case without any sense of regret.

The petition of Naylor & Co. should not have been dismissed, nor should the evidence taken thereunder have been ruled out; but as these errors were cured by the decree nothing is left for complaint. The decree is affirmed.

*Decree affirmed.*