# AMERICAN CENTRAL INSURANCE COMPANY
## v.
## O. P. HETTLER, FOR USE, ETC.

*Garnishment—Attachment—Exemptions—Jurisdiction.*

1. A debtor residing in another State can not have the benefit of the exemption laws thereof, in a proceeding by a creditor against him in this State.

2. In an action wherein an insurance company is a garnishee, the same being an attachment without personal service on the defendant, the affidavit and bond are both defective; the former in not stating that the affiant is the agent or attorney of the plaintiff, and the latter in being less than double the amount sworn to be due.

3. A garnishee can only object to the proceedings of the plaintiff against the defendant upon such points as affect the jurisdiction of the court; mere errors or irregularities, not affecting the jurisdiction, and so not affecting its protection against subsequent claim by the defendant, may not be objected to.

4. Defective affidavit and bond in such case being amendable, are not void, and not being void, the jurisdiction of the court is not affected by the defects.

[Opinion filed November 17, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. JOSEPH H. FITCH, for appellant.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellee.

MR. JUSTICE GARY. This is an action in which the appellant is a garnishee, August Beck & Co., a corporation, is plaintiff, and O. P. Hettler is defendant. It is by attachment without personal service on Hettler. Both the affidavit and bond are defective; the affidavit in not stating that the affiant is the agent or attorney of the plaintiff below (Cunningham v. Goelet, 4 Denio, 71, but see Wether-

wax v. Paine, 2 Mich. 555); and the bond in being less than double the amount sworn to be due.

But the appellant as garnishee can only object to the proceedings of the plaintiff against the defendant upon such points as affect the jurisdiction of the court. Mere errors or irregularities, not affecting the jurisdiction, and so not affecting its protection against subsequent claim by the defendant, it may not object to. Dennison v. Blumenthal, 37 Ill. App. 385.

Now both the affidavit and bond were amendable under the statute, and being amendable, are not void. Not being void, the jurisdiction of the court is not affected by the defects. Kruse v. Wilson, 79 Ill. 233.

The answer of the garnishee acknowledging an indebtedness to the defendant to the amount of the judgment which was rendered, contains this:

"This respondent further answering says that O. P. Hettler is the head of a family and resides with the same; that the property now in the hands of this respondent, as above set forth, is all the property of every description belonging to said O. P. Hettler, and that said O. P. Hettler is entitled to an exemption of $400 from the same, which exemption this respondent claims for said Hettler."

Where he resides, and by what law he is entitled to any exemption, is not stated in the answer; but as the affidavit stated that the defendant resided in Nebraska, and the answer stated that the indebtedness of the garnishee was on a policy of insurance upon property in Nebraska, it is probable that the exemption is, or may be, under the law of Nebraska. If so, it can not be allowed here. Rocke v. Rhode Island Ins. Ass'n, 2 Ill. App. 360.

The rule seems harsh, as the garnishee may be compelled to pay twice; but we have no authority to change the law. It is supported, not only by the prior judgment of this court, but by the authority of the Supreme Court of Iowa. Leiber v. Union Pacific Ry. Co., 49 Iowa, 688.

The judgment is affirmed.

*Judgment affirmed.*