## Lancashire Insurance Company v. John Corbett, for use, etc.

1. GARNISHMENT—*Not Necessary that Debt Owing be Due.*—It is not necessary in garnishee proceedings that the indebtedness of the garnishee should be due at the time of the commencement of proceedings against him. It is sufficient if the debt is owing, without uncertainty or contingency, at the time of the answer.

2. SAME—*As to Residents of this State.*—A resident of this State may be garnisheed in respect to debts payable generally to persons living in other States.

3. DEBTS — *Property of the Creditor—Situs.*—Debts are not in any sense the property of the debtor; to call them so is a misuse of terms. They are the property of the creditor, and of him only, and for this reason they have no *situs.*

4. Same—*Have no Fixed Situs.*—Debts have always been considered as having no fixed *situs;* they follow the person of the owner. For the purposes of the attachment laws the *situs* of a debt is assumed to be in the jurisdiction where the debtor resides and where a suit is brought by the creditor or for his use against the debtor upon such debt.

5. Debtor—*Where to be Sued.*—A debtor may be sued wherever he may be found and it is not necessary that the creditor should, in order to maintain his suit, go personally within the jurisdiction of the court in which he sues; for the purpose of demanding payment he is there by his representative, who acts for him in instituting the suit.

6. Same—*Where He May be Garnisheed.*—A debtor may be garnisheed in the jurisdiction where he resides, if his indebtedness be to pay generally, and not at some place without that jurisdiction, while he can not, in respect to an indebtedness payable generally, be garnisheed in a jurisdiction in which he does not reside, although temporarily found there.

7. Foreign Insurance Companies—*Subject to Garnishee Process.*— An insurance company obtaining the right to do business in this State, by the appointment of an agent upon whom process may be served, and otherwise complying with the law, becomes, for the purpose of doing business and being sued here, a resident of this State and liable to be garnisheed here in respect to debts owing by it, payable at no particular place.

8. Jurisdiction—*Conflict of—Rule of Determination.*—The tribunal first obtaining jurisdiction over a thing, has power to dispose of it to the exclusion of courts whose seizure, or attempted seizure, is later in time.

**Attachment or Garnishee Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

## Statement of the Case.

This action was commenced by Hugh R. Wilson, Milton H. Wilson, Elijah C. Wilson and Morris R. Eddy, copartners, doing business under the firm name and style of Wilson Brothers & Co., against John Corbett, a writ of attachment being issued upon affidavit that John Corbett was not a resident of this State, and that his residence was at Ripon, in the State of Wisconsin.

The action was commenced on the 6th day of October, 1892. The writ of attachment was issued, and the Lancashire Insurance Company garnisheed on the same day.

The obligations out of which plaintiffs sought to recover

from the Lancashire Insurance Company the amount of indebtedness owing to them by John Corbett were based upon two policies of insurance issued by the agent of the insurance company at Ripon, Wisconsin, to Corbett, on merchandise in the city of Ripon, Wisconsin.

The policies were, on their execution, delivered to Mr. Corbett at Ripon, Wisconsin, and retained by him.

A fire occurred on the 3d day of October, 1892, destroying some portions of the property described in the policies. The loss and damage were adjusted at $1,133.28, under both policies, on the 17th day of October, 1892, and proofs of loss were rendered to the insurance company on the day following, the 18th.

On the 15th day of October, 1892, John Corbett, the assured, at Ripon, Wisconsin, made an assignment for the benefit of his creditors to George W. Carter, a resident of Ripon, Wisconsin, of all his property, including all his rights and interests in and under said policies of insurance.

On the 15th of October, 1892, the date of the assignment by Corbett to Carter, the former delivered to, and the latter received the said policies of insurance and retained the same in his possession and under his control, all the time in the State of Wisconsin, till surrendered to the agent of the insurance company, at Milwaukee, Wisconsin, on the 27th day of May, 1893.

The following actions were also commenced in the Circuit Court of Cook County, Illinois: by Samuel Sweet et al. v. John Corbett, October 6, 1892; Isaiah Josephi et al. v. John Corbett, October 11, 1892; Addison Macullar et al. v. John Corbett, October 17, 1892.

And in the Circuit Court of Wisconsin, in and for Milwaukee County, by Silas Downing et al. v. John Corbett, October 18, 1892.

In all of these actions writs of attachments were sued out and the Lancashire Insurance Company garnisheed.

On the 20th day of December, 1892, two actions, one on each policy, were commenced in the Circuit Court of Wisconsin in and for Fond du Lac county, by George W. Carter,

assignee of John Corbett, against the Lancashire Insurance Company.

In each of the above mentioned cases in which the insurance company was garnisheed, it answered that it was not indebted to Corbett.

In the two actions brought by Carter, assignee of Corbett, in the Circuit Court of Fond du Lac County, Wisconsin, the insurance company filed pleas in abatement, setting up the commencement, and the pendency of the actions above mentioned, the garnishment of the insurance company, and that thereby the Circuit Court of Cook County obtained prior jurisdiction of the subject-matter, and that such jurisdiction was not only prior but exclusive.

The Circuit Court of Fond du Lac County, Wisconsin, overruled both pleas in abatement.

Afterward, about the 7th of March, 1893, the Lancashire Insurance Company filed in the Circuit Court of Milwaukee County, Wisconsin, in the action of Downing et al. v. Corbett, its statement, setting forth fully the facts connected with the commencement and pendency of the above mentioned actions, whereupon the court made an order requiring and directing each and all of the plaintiffs therein to appear and show cause why the Lancashire Insurance Company should not be permitted to file an amended answer, and to pay into court $1,133.28, and, upon such payment, to receive full discharge and satisfaction of its liability under and by virtue of the two policies of insurance issued by it upon the property of John Corbett, located at Ripon, Wisconsin; and also ordering and requesting them to appear and interplead in said action, and establish their respective rights in and to the said $1,133.28, in accordance with the laws of the State of Wisconsin. Service was made of this order on the plaintiffs in this action, as well as on all the plaintiffs in the above mentioned actions.

In compliance therewith, and in obedience thereto, George W. Carter, assignee of the said John Corbett, appeared and filed his plea of interpleader. The plaintiffs in this action, though notified as above stated, did not appear, and did not file any plea of interpleader.

On the 25th day of March, 1893, the said Circuit Court of Milwaukee County made a further order of judgment, reciting the order above mentioned, and the fact that due proof having been made and filed, showing that due and timely service had been made of the amended answer and said order to show cause, and said supplemental order, upon the plaintiffs in action, and upon George W. Carter, as assignee of John Corbett, and upon Sweet, Dempster & Co., Wilson Bros. & Co., Alfred Benjamin & Co. and Macullar, Parker & Co., and the court having due jurisdiction in the premises of all said interested parties, the plaintiffs in the action and George W. Carter, as assignee of John Corbett, appearing in court by Messrs. Sylvester & Schieber, as their attorneys, and the Lancashire Insurance Company appearing by George E. Sutherland, its attorney, and no one appearing for said firms of Sweet, Dempster & Co., Wilson Bros. & Co., Alfred Benjamin & Co. and Macullar, Parker & Co., after hearing counsel for the parties appearing in court, and the court being strictly advised in the premises—

"It is ordered that the Lancashire Insurance Company, garnishee in the above entitled action, be and is hereby permitted to file its amended answer as such garnishee, the same to stand, and be the answer of such garnishee, without further service, notice or order.

" It is further ordered that the Lancashire Insurance Company may pay into the hands of the clerk of this court the sum of $1,133.28, and upon such payment being made, the court now adjudges and declares that the liability of said Lancashire Insurance Company under and by virtue of two policies of insurance issued by said Lancashire Insurance Company, to John Corbett, upon property owned by John Corbett situated at Ripon, Wisconsin, one for $1,000, dated September 15, 1892, and the other one for $1,000 dated August 29, 1892, be and the same hereby is fully discharged and satisfied, and the clerk of this court on such payment being made to him, is directed to execute a receipt to said Lancashire Insurance Company in full discharge and satisfaction of said liability.

"It is further ordered, that George W. Carter, assignee of John Corbett, and Samuel H. Sweet, Wesley Dempster, Charles Hutchinson and Andrew W. Mitchell, copartners in business under the firm name of Sweet, Dempster & Co., Hugh R. Wilson, Milton R. Wilson, Elijah C. Wilson and Morris R. Eddy, copartners in business under the firm name of Wilson Bros. & Co., Isaiah Josephi, Albert B. Hachstradter, Eugene S. Benjamin and David Hachstradter, copartners in business under the firm name of Alfred Benjamin & Co., Addison Macullar, Charles W. Parker, James L. Wesson, Ira E. Fenton and Hatherly Foster, copartners in business under the firm name of Macullar, Parker & Co., within twenty days of the date hereof, appear and interplead in this action, and with the plaintiffs in the action establish their respective rights in and to the said sum of $1,133.23, in accordance with the statutes of the State of Wisconsin in such cases made and provided."

The Lancashire Insurance Company, in compliance with the laws of Wisconsin, was licensed to do an insurance business in that State, as also in the State of Illinois.

The law of Wisconsin provides: "No insurance corporation doing any kind of insurance in this State, against which a final judgment shall have been recorded in any court in this State, shall, after sixty days from the rendition of such judgment, and whilst the same remains unpaid, issue any new policy of insurance in this State; and in case any such insurance corporation or its officers or agents shall violate the provisions of this section, it shall forfeit the sum of $1,000. And any agent of any such corporation who shall knowingly so violate the same, shall forfeit not less than $100 nor more than $200." Rev. Stats. Wis., Sec. 1974.

Under the threat of the enforcement of the provisions of that law, appellant paid to the clerk of the Circuit Court of Milwaukee County, Wisconsin, the amount of said judgment on the 27th day of May, 1893, and received receipt and discharge thereof from said clerk, and the judgment for said sum against the Lancashire Insurance Company was dis-

charged, and its two policies of insurance issued to the said John Corbett were surrendered to the said company at Milwaukee.

The Lancashire Insurance Company is a corporation created, organized and existing under and by virtue of the laws of Great Britain, with its principal office at Manchester, England.

On and prior to the 22d day of August, 1892, when its first policy was issued to John Corbett, the Lancashire Insurance Company was, and subsequently thereto has been, licensed to do an insurance business in the States of Wisconsin and Illinois, and had agents in both States, on whom the service of summons in garnishment was made, and on whom the summons in the actions brought by Carter, assignee, in the Circuit Court of Fond du Lac County, Wisconsin, were served, and also on whom the summons of garnishment was served in the action brought by Downing et al., in the Circuit Court of Milwaukee County, Wisconsin.

The action was tried by the court, jury being waived by the parties thereto. The court below rendered judgment against the Lancashire Insurance Company as garnishee for the amount of $1,133.28, overruling the objections of the insurance company thereto, to which ruling the insurance company duly excepted.

MYRON H. BEACH, attorney for appellant, contended that an insurance company can neither be subjected to a suit on the policy nor to garnishment, or trustee process in favor of a mortgagee or creditor until adjustment of the amount of loss or damage is made, or proofs of loss required by the terms of the policy have been furnished or waived by the company. Davis v. Davis and Niagara Ins. Co., 49 Me. 282; Nickerson v. Nickerson et al. and Ins. Co., 80 Me. 100; S. C., 12 Atl. 480; Gies v. Bechtner et al. and Home Ins. Co., garnishee, 12 Minn. 279; Lovejoy v. Hartford Fire Ins. Co., 11 Fed. 63; Plimpton et al. v. Bigelow, 93 N. Y. 592; Dowling v. Lancashire Ins. Co. et al., 61 N. W. Rep. 76; 2 May on Insurance, Sec. 459, p. 1060; 2 Bidd. on Ins., Sec. 1356, p. 570.

As to the *situs* of the indebtedness in case of tangible property capable of manucaption, it must have and has a *situs* where it exists, but the indebtedness under the contract in question is not *res* that is tangible. It is intangible, and therefore its *situs* must be at either residence of debtor or creditor. Renier v. Hurlbut et al., 81 Wis. 24; 50 N. W. 783; Cleveland, Painesville & Ashtabula R. R. Co. v. Penn, 15 Wall. 300; Mo. Pac. R. R. Co. v. Sharitt, 43 Kan. 375; 23 Pac. 430; Bowen v. Pope, 125 Ill. 28; S. C., 17 N. E. 64; Haggerty v. Ward, 25 Tex. 144; Everett v. Walker, Conn. Mut. Life Ins. Co., garnishee (Col.), 36 Pac. 616; Williams v. Ingersoll, 89 N. Y. 508; Plimpton v. Bigelow, 93 N. Y. 596; Douglas v. Phœnix Ins. Co., 63 Hun 393; 18 N. Y. Supp. 259; Williams v. Ingersol, 89 N. Y. 508.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee, contended that it is well established in this State that debts owing the defendant may be garnisheed before the debtor himself would have had a right of action against the garnishee. Rev. Stat., Chap. 62, Secs. 5, 7, 15 and 19; Young v. First Nat. Bk., 51 Ill. 73; Snider v. Ridgeway, 49 Ill. 522; Hanover Fire Ins. Co. v. Connor, 20 Ill. App. 297; Drake on Attachments (7th Ed.), Secs. 549, 550.

A non-resident can be garnished for a debt due to a non-resident under a contract made in another State. Mineral Point R. R. Co. v. Barron, 83 Ill. 365; Hannibal R. R. Co. v. Crane, 102 Ill. 249; Wabash R. R. Co. v. Dougan, 142 Ill. 248; Roche v. R. I. Ins. Assn., 2 Ill. App. 360; Henderson v. Schaas, 35 Ill. App. 155; Glover v. Wells, 40 Ill. App. 350; Am. Central Ins. Co. v. Hettler, 46 Ill. App. 416; Waples on Garnishment (2d Ed.), 322; Harvey v. Great Northern R. R. Co., 50 Minn. 405; 17 L. R. A. 84; Wyeth H. & Mfg. Co. v. Lang (Mo.), 27 L. R. A. 651; Connor v. Ins. Co., 28 Fed. Rep. 549.

A debt without reference to where payable is deemed attached to the person of the owner, so as to have its *situs* at his domicile, yet this fiction always yields to laws for attaching the property of a non-resident, because such laws

necessarily assume that the property has a *situs* distinct from the owner's domicile. Wherever the creditor might maintain his suit to recover the debt, there it may be attached as his property, provided the laws of such place authorize it. Wyeth Co. v. Lang (Mo.), 27 L. R. A. 651.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is not necessary in garnishee proceedings that the indebtedness of the garnishee should be due at the time of the commencement of proceedings against him. Hanover Fire Ins. Co. v. Connor, 20 Ill. App. 297; Drake on Attachment, Sec. 551; Wade on Attachment, Sec. 449.

It is sufficient that the debt be owing, without uncertainty or contingency at the time of the answer. Hanover Fire Ins. Co. v. Connor, *supra*.

Although it were the case that the assured could not have maintained suit brought under the policy October 6, 1892, because the debt was not then due, yet the garnishee proceeding may be maintained, it not being necessary to such proceeding that the indebtedness to the debtor, whose property is attached, should be then due. It is sufficient that at the time of the answer the indebtedness is owing, without uncertainty or contingency.

Appellant's answer as first made, denied all indebtedness upon its part. The garnishing creditors might have taken issue upon this, and had a trial as to the truth thereof. Instead of this, they obtained leave to file additional interrogatories, with a rule on defendants to answer the same in ten days. To the granting of such leave and rule, appellants took no exception. Appellants in obedience to the rule answered, substantially, that under policies by it issued to John Corbett, a loss had occurred, which had been adjusted at the sum of $1,133.28, and that it had no defense thereto, save the existence of the various suits and proceedings against it heretofore mentioned, and that in the said suit of Downing et al. v. Corbett, although it filed pleas of abatement and the existence of all the said suits, judgment

was rendered against it for $1,133.28, which it was obliged to and did pay April 25, 1893.

Afterward appellant obtained leave to, and filed an additional answer.

Whatever may have been the right of appellant to insist that as to indebtedness created or made certain and unconditional only by the happening of things not existing when its first answer was filed, it could not be held and was not bound to answer; having seen fit to answer as aforesaid, rather than submit to a trial upon the truth of its first answer, it can not now be permitted to say that all the proceedings had subsequent to its first answer are erroneous and not binding upon it.

The judgment in Hanover Fire Ins. Co. v. Connor, *supra*, was upon answers made in response to interrogatories submitted after the filing of an answer to the interrogatories first filed.

The first proceeding against appellant to recover its indebtedness to Corbett was the bringing of the present suit, October 6, 1892. None of the proceedings under which, in the State of Wisconsin, judgment was rendered against appellant for such debt, were instituted until after the service of process upon appellant in the present suit.

This was made to appear in the Circuit Court of Milwaukee County in the State of Wisconsin, yet that court rendered judgment against appellant.

It is a well settled rule that the tribunal first obtaining jurisdiction over a thing, has power to dispose of the *rem* to the exclusion of courts whose seizure, or attempted seizure, is later in time. The question here presented is, did the Circuit Court of Cook County, by its attachment process directed to and served upon appellant, acquire jurisdiction over the debt owing by appellant to John Corbett, a resident of and then in the State of Wisconsin; the indebtedness of appellant being for a loss upon property in the place of residence of said Corbett.

There is great force in what is said in Railroad Co. v. Pennsylvania, 15 Wall. 300, 320, that debts are not in any sense property of the debtor, and that to call them so is a

misuse of terms; they are property of the creditor, and of him only. For this reason, it has been held that debts have no *situs:* Blanchard v. Russell, 13 Mass. 1; Blake v. Williams, 6 Pickering 286, 314; Port v. Jackson, 17 Johnson 293, 245; *debitum et contractus sunt nullius loci:* Story on Conflict of Laws, 362, 399; debts follow the person of the creditor, not of the debtor: Thorne v. Watkins, 2 Ves. Sr. 35.

Nevertheless, it must be borne in mind that the debtor may be sued wherever he can be found, that is, wherever process can be served upon him. Nor is it necessary that the creditor should, in order to bring or maintain such suit, go personally within the jurisdiction of the court in which he sues for the purpose of demanding payment; he is there by his representative, who acts for him in instituting the suit, and the debtor can not object that the creditor neither resides nor has personally come within the jurisdiction he seeks the aid of. A debtor may be garnished in the jurisdiction where he resides if his indebtedness be to pay generally and not at some place without that jurisdiction, while he can not in respect of an indebtedness payable generally, be garnished in a jurisdiction in which he does not reside, although temporarily found there. Drake on Attachment, Secs. 473, 474 and 475; Waples on Attachment, Sec. 391.

As garnishment is in the nature of a proceeding *in rem* the distinction as to liability to such process between residents and non-residents is not entirely logical; it must, however, be borne in mind that garnishee proceedings have sprung out of the custom or privilege of London, under which it was necessary that the garnishee should reside in London. Drake on Attachment, Sec. 450; Tamm v. Williams, 2 Chitty, 438 ; Comyn's Dig., Vol. 1, Attachment.

Appellant obtained the right to do business in this State by, among other things, appointing an agent upon whom process against it might be served; it thus, for the purpose of doing business here and being sued here, became a resident of this State, and therefore liable to be here garnisheed in respect to debts owing by it payable at no particular place. Mineral Point R. R. Co. v. Barron, 83 Ill. 365; Hannibal R.

R. Co. v. Crane, 102 Ill. 249; Wabash R. R. Co. v. Dougan, 142 Ill. 248; Roche v. R. I. Ins. Ass'n, 2 Ill. App. 360; Henderson v. Schaas, 33 Ill. App. 155; Glover v. Wells, 40 Ill. App. 350; Am. Central Ins. Co. v. Hettler, 46 Ill. App. 416; Waples on Garnishment (2d Ed.), p. 322; Harvey v. Great Northern R. R. Co., 50 Minn. 405 (17 L. R. A. 34); Wyeth H. & Mfg. Co. v. Lang, 27 Mo. 242; Connor v. Ins. Co., 23 Fed. Rep. 549.

It is a hardship for appellant to have to pay this debt twice, but it is manifest that the Circuit Court of Milwaukee could not conclude the rights of the plaintiffs in this action, over whom it acquired no jurisdiction, by the rule by it entered in Wisconsin and served in Illinois. Granting that the *situs* of the indebtedness of appellant to Corbett, the *rem*, has always been in Wisconsin, and logically there is no answer to the position taken by that court and by the Supreme Court of that State in Renier v. Hurlbut, 81 Wis. 34. Debts have always been considered as having no fixed *situs;* most frequently, and as we think, most properly, it has been held that they follow the person of the owner, the creditor. That the *situs* of a debt is where the debtor resides is held in Keating v. Am. Refrigerator Co., 32 Mo. App. 293.

A debt, being an intangible thing, has no *situs* in the sense that lands, dry goods and groceries have. For the purpose of administration of taxation, etc., a *situs* for debts is assumed. So for the purpose of the attachment laws, a debt is assumed to be in the jurisdiction where the debtor resides, and where a suit is brought by the creditor, or for his use, against the debtor, upon such debt. The privilege of London was extraordinary, not a part of the common law ; so is the attachment statute; and so, it may be said, is the *situs* assumed for the debt under the practice in cases of garnishment.

The rule in this State has long been, as before stated, that a resident of this State may be garnisheed in respect to debts payable, generally, to persons living outside of this State.

The judgment of the Circuit Court must therefore be affirmed.