## Lake Shore & M. S. Ry. Co., Chicago & N. W. Ry. Co. and Chicago, M. & St. P. Ry. Co. v. Frank E. Scott, for use of Lucius B. Mantonya.

1. GARNISHMENT—*To What a Garnishee May Object.*—A garnishee
can object only to such proceedings of the garnishing creditor against
the defendant, as affect the jurisdiction of the court over the defendant.
2. SAME—*What Debts May be Reached by.*—A garnishing judgment

creditor of several joint, who are also several, judgment debtors, has all the rights that either one of such debtors has, and may maintain garnishment proceedings for a debt due to only one of such judgment debtors.

3. SAME—*When Payment Will Not Release.*—Where the original affidavit for garnishee summons set up that the garnishees were "indebted to said defendants," but was later amended so as to read that the garnishees were "indebted to each of the defendants severally as well as jointly," *it was held* that payment made after the commencement of the suit, but before the filing of the amended affidavit, did not release the garnishees.

4. SAME—*Objections Waived by Filing Answer.*—The filing of an answer to interrogatories in a garnishment proceeding acts as a waiver of objections that might be made because of inconsistency between the affidavit and the interrogatories.

5. SAME—*Objections to Amount of Judgment, When Allowed.*—A garnishee who has answered that he has paid *pendente lite* all that he owed the judgment debtor can not complain that the judgment entered against him was for the amount due to the garnishing creditor, and not for the full amount originally due to the judgment debtor.

Garnishment proceedings.—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

CHARLES B. KEELER, WILLIAM MCFADON and ARTHUR W. PULVER, attorneys for appellants.

LEON L. LOEHR and RICH & STONE, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal by the three appellants, severally, upon the same record, from judgments rendered against them, severally, as garnishees, summoned, etc., under the provisions of the garnishment act.

Mantonya recovered a judgment against Scott and Stockton, and, after a return of execution unsatisfied, sued out garnishee process against each of the appellants.

The appellants at first answered, denying any indebtedness to Scott and Stockton jointly, and subsequently, upon being ruled to answer sufficiently (after certain proceedings hereinafter mentioned), answered again, that at

the time of the service of the writ they were severally in-
debted to Scott individually, and not to Stockton, but had
paid Scott in full, between the time of filing their original
answers and the time of so answering.

Some question is made because of a claimed defect in
both the original and amended affidavits for garnishee sum-
mons. A garnishee can object only to such proceedings of
the garnishing creditor against the defendant as affect the
jurisdiction of the court over the defendant. Am. Cent.
Ins. Co. v. Hettler, 46 Ill. App. 416.

The defects complained of in no way affected the ques-
tion of such jurisdiction.

Whether a judgment creditor of two or more joint judg-
ment defendants can maintain garnishment for a debt, due
to one of such defendants, is the really meritorious question
in the case, and is one that has never been directly decided
in this State, so far as we are informed, although it has fre-
quently been held, and is common learning, that the gar-
nishing judgment creditor can have no other or greater
rights against the garnishee than the judgment debtor has.

But, as we conceive, it is no more than a legitimate ex-
tension of that rule to hold that the garnishing judgment
creditor of several joint, who are also several, judgment
debtors, may have all the rights that either one of such
debtors has. Each judgment debtor is liable to him, and
whatever right such individual debtor has, he should have.

Applied to this case, Scott, it is admitted, had a right to
the several debts owing to him by each appellant. Scott is
severally as much liable to Mantonya as Stockton is, or as
both Scott and Stockton jointly are. Why, then, may not
Mantonya secure to himself, by a garnishment proceeding,
all the rights that Scott had which were subject to such a
proceeding? We think he may, no question concerning
partnership relations being involved.

In Drake on Attachment, Sec. 566, it is said: "Where
there are several defendants, the property of each is, of
course, liable for the whole debt. In such case, if it appears
that the garnishee is indebted to one or more of the defend-
ants, but not to all, he will be chargeable."

It is also said in 2 Wade on Attachment, Sec. 489: "Where there are several defendants, the credits attached may be owned jointly or severally. The garnishees may be one or all indebted to one or all of the defendants. * * * If a case can be stated in which the judgment recovered against several defendants would only authorize an execution against property owned by them jointly, it will furnish an example where the garnishee, in order to be charged, should be indebted to all the defendants; otherwise, it must be taken as true that a proof of indebtedness as to any one of the defendants, would entitle the plaintiff to judgment against garnishee so indebted."

Another question of importance, arising out of the following circumstances, is presented:

The original affidavit for garnishee summons set up that the garnishees were "indebted to said defendants (Scott and Stockton), or have effects or estate of said defendants in their hands," while the interrogatories to the garnishees inquired as to indebtedness and effects owing and belonging to the defendants, or either of them, jointly or severally.

The original answers responded only to the question of liability to the defendants jointly, and denied any such indebtedness. Exceptions, for insufficiency to such answers, were overruled, and leave was given to amend the affidavit; whereupon, a week later, an amended affidavit was filed, setting up that the garnishees were indebted, etc., to each of the defendants, severally as well as jointly.

Being then ruled to answer the interrogatories, fully and sufficiently, the garnishees, admitting indebtedness to Scott alone, at the time of the service of the writ, and up to the time of filing the original answers, set up that, after such exceptions were overruled and before the amended affidavit was filed, they had each paid such indebtedness in full, and denied any further indebtedness; but the Circuit Court, nevertheless, gave judgment against the garnishees.

We do not think that the garnishees could escape liability by a payment *pendente lite.* By answering, originally, they had waived any objection they might have taken to

the affidavit, or to the interrogatories, because of inconsistency, if any, between them, and it is doubtful if the exceptions to the original answers should have been overruled.

The amended affidavit did not, however, make the suit a new one. As a rule, all amendments relate back to the time of filing the original pleading in the case. No new interrogatories were filed, or required. The garnishees knew from the interrogatories, exactly what they were called upon to answer concerning, and if they paid, relying upon a mere technicality, they did so at their peril.

Another objection is made because the answer of the Lake Shore company showed an indebtedness to Scott in excess of the judgment of Mantonya, and that judgment against that company was entered for only the amount due Mantonya.

While the better practice is, ordinarily, to enter judgment against a garnishee for the full amount of his indebtedness to the judgment debtor, and if that amount exceeds the judgment of the garnishing creditor, to give to him so much of it as will satisfy his judgment, and the balance to the judgment debtor (Stahl v. Webster, 11 Ill. 511), yet here the garnishee is not injured in any way by the judgment that was entered, and can not complain of it. The reason for the rule in this case has entirely ceased. By its answer, the Lake Shore company sets up that it paid *pendente lite*, all that it owed to Scott. It can not, therefore, complain because the judgment entered against it was not for more than was due to the garnishing creditor.

Observing no material error in the record, the judgments appealed from are affirmed.